IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **REYNALDO MUNIZ JR.** <br> *Plaintiff,* <br><br> v. <br><br> **CHANCY DAVIS; ALONSO SALINAS; CODY PAHL; TIM LITTLE; RICHARD SORTO; TEXAS DEPARTMENT OF PUBLIC SAFETY, TEXAS HIGHWAY PATROL DIVISION; ART ACEVEDO, AS CHIEF OF AUSTIN POLICE DEPARTMENT ; and TRAVIS COUNTY SHERIFF'S OFFICE** <br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 1:13-cv-666 <br><br> **COMPLAINT AND** <br> **JURY DEMAND** |

**PLAINTIFF REYNALDO MUNIZ JR'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff Reynaldo Muniz Jr. ("Mr. Muniz" or "Plaintiff") and brings this suit complaining of Defendants Chancy Davis, Alonso Salinas, Cody Pahl, Tim Little, Richard Sorto, the Texas Department of Public Safety, Texas Highway Patrol Division, Art Acevedo as Chief of Austin Police Department, and the Travis County Sheriff's Department and for cause will show the Court the following. Mr. Muniz has verified the following (See **Exhibit A**).

**I. NATURE OF ACTION**

1. Plaintiff Muniz and another occupant of a pickup truck were awaiting the start of their workday by setting in their vehicle on the premises of their workplace. Muniz and the occupant of the truck witnessed a traffic stop on the road abutting their workplace. Soon thereafter, unprovoked and without an ounce of probable cause two Texas Department of Public

Safety officers of the Texas Highway Patrol Division, Defendant Trooper Davis and Defendant Trooper Salinas began to interrogate/ harass both Plaintiff Muniz and the occupant of the vehicle.  The situation escalated rapidly and resulted in the arrest of Plaintiff Muniz.  No contraband was seized, no cause for the arrest was ever sustained, in fact the charges were eventually dropped.  It is clear that the stop and subsequent arrest was just for harassment only Defendant Trooper Davis and Defendant Trooper Salinas arrested Plaintiff Mr. Muniz for no reason and without probable cause.

## II.   VENUE AND JURISDICTION

2.   Jurisdiction is conferred upon this Court pursuant to 42 U.S.C. § 1983 and 42 U.S.C.A. § 1988 and the Fourth and 14th Amendments to the United States Constitution. Furthermore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343(a)(3), to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, Plaintiff s claims arise under the laws of the United States. The Supreme Court has held that "a case 'arose under' federal law where vindication of a right under state law necessarily turned on some construction of federal law." Accordingly, this matter turns on federal matters and the Court has jurisdiction. The test of whether Federal Jurisdiction injunction against state proceedings by means of civil rights removal is permissible: As established in *Younger v. Harris*, 401 U.S. 37; 91 S. Ct. 746; 27 L.Ed.2d 69 (1971), a removing party (or party seeking a Federal Injunction to stop state court proceedings) must allege and prove, as a matter of fact and by a preponderance of the evidence, special circumstances in the state court system (such as a plethora of essentially uncontestable quasi-judicial evictions, where the judicial

proceedings are so devoid of legal defenses and equitable procedures as to be worthless, which show that there's no chance that a Defendant will receive equal protection or due process of laws in the relevant state courts). "The state cannon diminish rights of the people." *Hurtado v. People of the State of California*, 110 U.S. 516, 538, 4 S. Ct. 292, 28 L. Ed. 232 (1884). This Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. §2201.

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division under 28 U.S.C. § 1391(b)(1) as well as § 1391(b)(2) because the defendants reside in this judicial district and all of the events giving rise to the claims made in this complaint occurred in this judicial district.

### III. PARTIES

4. Plaintiff, **Reynaldo Muniz Jr.** is an individual residing in Travis County, Texas. At all times relevant herein, Plaintiff was over the age of eighteen and is a resident of the city of Austin, Texas, County of Travis, State of Texas.

5. Defendant **Chancy Davis** (hereinafter "Trooper Davis") is an individual residing in Texas. Trooper Davis has at all times relevant herein been employed as an officer working under the color of law for the Texas Department of Public Safety; he may be served with process at his place of employment, **Texas Department of Public Safety 5805 North Lamar Blvd. Austin, Texas 78752-4422**.

6. Defendant **Alonso Salinas** (hereinafter "Trooper Salinas") is an individual residing in Texas. Trooper Salinas has at all times relevant here been employed as an officer working under the color of law for the Texas Department of Public Safety; he may be served with process at his place of employment, **Texas Department of Public Safety 5805 North Lamar Blvd. Austin, Texas 78752-4422**.

7. Defendant **Cody Pahl** (hereinafter "Corporal Pahl") is an individual residing in Texas. Corporal Pahl has at all times relevant herein been employed as an officer working under the color of law for the Texas Department of Public Safety; he may be served with process at his place of employment at **Texas Department of Public Safety 5805 North Lamar Blvd. Austin, Texas 78752-4422.**

8. Defendant **Tim Little** (hereinafter "Officer Little") is an individual residing in Texas. Officer Little has at all times relevant here been employed as an officer working under the color of law for the Austin Police Department; he may be served with process at his place of employment by serving the **Austin Police Department, Legal Division at 200 W. 8th Street, Austin, Texas 78701**.

9. Defendant **Richard Sorto** (hereinafter "Trooper Sorto") is an individual residing in Texas. Trooper Sorto has at all times relevant herein been employed as an officer working under the color of law for the Texas Department of Public Safety; he may be served with process at his place of employment at **Texas Department of Public Safety 5805 North Lamar Blvd. Austin, Texas 78752-4422**.

10. Defendant **Texas Department of Public Safety** (hereinafter "DPS")**,** is a law enforcement arm of the Texas Government and may be served by serving the **Director of DPS, Steven McCraw**, at **5805 North Lamar Blvd., Austin, Texas 78752**.

11. **Texas Highway Patrol Division** (hereinafter "THP") is a Texas Government Organization and may be served by serving the **Director of DPS, Steven McCraw**, at **5805 N. Lamar Blvd., Austin, Texas 78752**.

12. Defendant **Art Acevedo, as Chief of the Austin, Texas Police Department** (hereinafter "APD"). Defendant Art Acevedo is being sued in his official capacity and he may

be served at the following address: **Austin Police Department, Legal Division 200 W. 8th Street, Austin, Texas 78701.**

13. Defendant **Travis County Sheriff's Office** (hereinafter "TC Sheriff") is a Texas Government Organization and may be served at by serving **Shelly Eaton**, at **5555 Airport Blvd., Austin, Texas 78751**.

## IV.   FACTS

14. At all times mentioned in this petition Defendants Trooper Davis, Trooper Salinas, Corporal Pahl and Officer Little were, and are still duly appointed, qualified, and acting Officers of the State of Texas.

15. At all times mentioned in this petition Defendants THP was, and is still a division of the Texas Department of Public Safety, Defendant DPS.

16. At all times mentioned in this petition Defendants APD was, and is still a division of the City of Austin.

17. At all times mentioned in this petition Defendants TC Sheriff was, and is still a division of Travis County.

18. On Saturday May 26, 2012 at a Campus Auto Glass and N Tense Audio businesses located at 8505 Springdale Road, Defendants Trooper Davis and Trooper Salinas conducted a traffic stop and decided to approach the Plaintiff and a co-worker who were sitting in an S-10 Chevrolet pickup backed into the stores driveway, awaiting their boss to open up the business so Plaintiff and his co-worker may begin their work day. Defendants Trooper Davis and Trooper Salinas began to question the Plaintiff and his co-worker without probable cause. Trooper Davis opened the passenger door where Plaintiff was sitting without permission or probable cause. Defendants Trooper Davis and Trooper Salinas continued to abuse their official

capacity and commit official oppression on the Plaintiff and his coworker by detaining each with no probable cause of any wrongdoing whatsoever. The business owners of Campus Auto Glass and N Tense Audio arrived and confirmed the Plaintiff and his co-worker both worked for both businesses at that location.

19.     Plaintiff exited the vehicle and as he walked away from the scene was illegally detained by Defendant Trooper Davis who tried to put the Plaintiff's hands behind his back. Plaintiff reasserted his constitutional right asking for their probable cause and restated his boss confirmed that the Plaintiff worked at the business location. Defendant Trooper Davis continuously touched Plaintiff with his finger by pecking on Plaintiff's chest committing both simple and aggravated assault over and over again. Plaintiff asked that Defendant Trooper Davis stop violating his Fourth Amendment Rights. Defendant Trooper Davis then pulled out his Taser to intentionally and knowingly threaten Plaintiff with imminent bodily harm. Plaintiff immediately dialed 911 for Austin Police Department.

20.     Defendants Corporal Pahl and Trooper Sorto arrived on the scene and continued the unlawful restraint of the Plaintiff. Defendant Officer Little of Defendant APD arrived to the scene and, following an ineffective policy of Defendant APD as set forth in Article 8 of the APD Policy, continued the unlawful restraint of the Plaintiff. As can be heard on the video obtained by the Plaintiff, Defendant Corporal Pahl advised Defendant Trooper Davis to arrest Plaintiff and "he can make a complaint afterwards." Defendants Trooper Davis and Trooper Salinas then committed aggravated kidnapping as well as wrongful arrest of the Plaintiff under the instructions of Defendant Corporal Pahl while under the scope of the employment of Defendant DPS and Defendant THP.  Defendants Trooper Davis and Trooper Salinas transported Plaintiff to Defendant TC Sheriff's jail.

21. While in custody at Defendant TC Sheriff, Plaintiff was not allowed to take his required medication which was desperately needed for his back condition and the metal fusion in his neck. Plaintiff was held against his will for over 31 hours and without his required medication for his pain.

22. Plaintiff went in front of the Magistrate, employee of Defendant TC Sheriff, who informed Plaintiff of his extremely high bond of $8,000.00 (see **Exhibit B**) for his unsupported charge of Resisting Arrest and is a violation of Plaintiff's Eighth Amendment, Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. U.S. Const. amend. VIII.

23. On May 26, 2012, a warrant for the arrest of Plaintiff, Reynaldo Muniz Jr., for the offense of Failure to Identify was issued by the Justice of the Peace, Precinct 1 of Travis County Texas. A copy of the arrest warrant is attached to this complaint as **Exhibit C** and is incorporated by reference herein.

24. On May 26, 2012, a warrant for the arrest of Plaintiff, Reynaldo Muniz Jr., for the offense of Resisting Arrest, Search or Transportation was issued by the County Court at Law No. 7 of Travis County Texas. A copy of the arrest warrant is attached to this petition as **Exhibit D** and is incorporated by reference herein.

25. On May 26, 2012, Plaintiff was arrested in Travis County, Texas, pursuant to the arrest warrants listed in paragraphs 23 and 24 of this petition and was held in the Defendant TC Sheriff's location at 500 W. 10th Street, Austin, Texas 78701.

26. Defendants, and each of them, acting on the arrest warrants listed in paragraphs 23 and 24 of this petition, willfully and wrongfully arrested and falsely imprisoned Plaintiff in the Travis County Sheriff's Department at 500 W. 10th Street, Austin, Texas 78701.

27. Defendants' arrest of Plaintiff was wrongful in that at all times prior to and during the wrongful arrest and false imprisonment of Plaintiff; Defendants intentionally and knowingly violated Plaintiff's Fourth Amendment and Eighth Amendment Rights under the United States Constitution.

28. On August 27, 2012, both the offense for Failure to Identify as well as the offense for Resisting Arrest were dismissed as evident by **Exhibit E** and are incorporated by reference.

## V. CLAIMS

### A. COUNT ONE VIOLATION OF CIVIL RIGHTS/EXCESSIVE FORCE

29. Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

30. Defendants violated Plaintiff's civil rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution by subjecting Plaintiff to excessive force. The excessive force can be seen on a video obtained from the police car of Trooper Davis and can be collaborated by witness, one of which signed the attached affidavit (See **Exhibit H**).

31. As a result of Defendants' violation of Plaintiff's civil rights, Plaintiff suffered damages in an amount to be determined at trial.

### B. COUNT TWO VIOLATION OF CIVIL RIGHTS/FALSE IMPRISONMENT

32. Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

33. Defendants, individually and/or through their agents, violated Plaintiff's civil rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983 by falsely imprisoning him.

34.     The acts of the Defendants, each of them, as described above constitute malice, in that Defendants acted with a specific intent to cause substantial injury or harm to Plaintiff. As a result of Defendants' wrongful arrest and false imprisonment of Plaintiff, Plaintiff has suffered great humiliation, pain, shame, embarrassment, and mental anguish, to his damage in an amount within the court's jurisdiction.

35.     On May 26, 2012, Defendants, each of them, participated in actions that led to Plaintiff's false imprisonment. Liability for false imprisonment can extend to (1) anyone who unlawfully arrests or detains another and (2) anyone who directs, requests, or participates in the arrest or detention. *Wal-Mart Stores v. Rodriguez,* 92 S.W.3d. 502, 507 (Tex. 2002). Defendants Trooper Davis and Trooper Salinas with the intent to harm Plaintiff intentionally and knowingly violated the law, Abused their Official Capacity with Defendants DPS and THP, when they misused their office without probable cause in detaining, arresting and imprisoning Plaintiff at Defendant TC Sheriff's facility. Tex. Penal Code Ann. § 39.02. Defendants Trooper Davis and Trooper Salinas did then and there as a public servant, acted under the color of their office and employment, intentionally subject Plaintiff to arrest, mistreatment and detention as well as search and seizure that the said Defendants knew were unlawful committing Official Oppression of the Plaintiff. Tex. Penal Code Ann. § 39.03.

36.     A defendant can be liable for false imprisonment if it directed, requested or participated in an arrest or detention. *Rodriguez,* 92 S.W.3d 507 (Tex. 2002); *Smith v. Sneed,* 938 S.W.2d 181, 185 (Tex.App.—Austin 1997, no writ).  Defendants Corporal Pahl, Trooper Sorto and Officer Little all directed, requested and participated in the wrongful arrest and false imprisonment of Plaintiff.

37. To prove an action for false imprisonment, the plaintiff must establish the defendant wrongfully detained her. *Montgomery Ward & Co.v. Garza,* 660 S.W.2d 619, 621 (Tex.App.—Corpus Christi 1983, no writ). Under the Texas Penal code, "restraint" is defined as restricting a person's movement without his consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Tex. Pen. Code §20.01(1). (b) A person commits an offense if the person intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense. Tex. Penal Code Ann. § 20.04. As stated in the affidavits (**Exhibit C & D**) as well as Defendant Trooper Salinas' Offense Report (See **Exhibit F**) and confirmed by the video of the incident, Trooper Davis pulled out his Taser which placed Plaintiff in fear of his life due to his medical condition as documented in **Exhibit G** and is incorporated by reference herein.

38. To prove an action for false imprisonment, the plaintiff must establish the defendant willfully detained him. *Wal-Mart Stores v. Odem*, 929 S.W.2d 513, 529 (Tex.App.—San Antonio 1996, writ denied). A willful detention is defined as a detention that results from an intention to confine. *Id.* (defined in jury charge); *see Brimage v. State,* 918 S.W.2d 466, 475 (Tex.Crim.App. 1996)(defining false imprisonment as intentional restraint). Any intentional conduct that puts a person in a position where she cannot exercise her will in going where she may lawfully go is false imprisonment. *Newton v. Rhoads Bros.,* 24 S.W.2d 378, 379 (Tex.Comm'nApp.1930, holding approved). Defendants, all of them, for their part in the wrongful arrest of Plaintiff, willingly held Plaintiff against his will at Defendant TC Sheriff's facility by employees of Defendant TC Sheriff's, who through the actions of their employees are liable, as evidenced by **a video of the events leading to this suit.**

39. As a result of Defendants' violation of Plaintiff's civil rights as well as violation of Plaintiff's Eighth Amendment Right with the excessive bail of $8,000.00, Plaintiff suffered damages in an amount to be determined at trial.

### C. COUNT THREE VIOLATION OF CIVIL RIGHTS/FALSE ARREST

40. Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

41. Defendants individually and/or through their agents violated Plaintiff's civil rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983 by falsely arresting him.

42. As a result of Defendants' violation of Plaintiff's civil rights, Plaintiff suffered damages in an amount to be determined at trial.

### D. COUNT FOUR CONSPIRACY/FALSE ARREST

43. Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

44. Defendants, individually and/or through their agents, violated Plaintiff's civil rights under the Fourth Amendment and 42 U.S.C. § 1983 by conspiring to falsely arrest him.

45. As can be shown in the video, Defendants, each of them routinely huddled together to discuss how they can falsely arrest and imprison the Plaintiff. Coming up with no good cause they agreed to arrest Plaintiff and then come up with the complaint later.

46. As a result of Defendants' violation of Plaintiff's civil rights, Plaintiff suffered damages in an amount to be determined at trial,

### E. COUNT FIVE CONSPIRACY/FALSE IMPRISONMENT

47. Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

48. Defendants, individually and/or through their agents, violated Plaintiff's civil rights under the Fourth Amendment and 42 U.S.C. § 1983 by conspiring to falsely arrest him.

49. As can be shown in the video, Defendants, each of them routinely huddled together to discuss how they can falsely arrest and imprison the Plaintiff. The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim. *Love v. King*, 784 F.2d 708, 712 (5th Cir.1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir.1980), cert. denied, 451 U.S. 1019, 101 S.Ct. 3009, 69 L.Ed.2d 391 (1981). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. See, *Monroe v. Pape*, 365 U.S. 167, 184, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); accord, *Brown v. Miller*, 631 F.2d 408, 410–11 (5th Cir.1980).   In the instant case, it is clear that Defendants and each of them violated Plaintiffs' rights.  What is clear from the video is Defendant Corporal Pahl as a supervisor was called out and consulted regarding the specific facts; a determination was made to wrongfully arrest Plaintiff despite the fact that no recognizable crime had been committed.

50. As a result of Defendants' violation of Plaintiff's civil rights as well as violation of Plaintiff's Eighth Amendment Right with the excessive bail of $8,000.00, Plaintiff suffered damages in an amount to be determined at trial.

### F. COUNT SIX GROSS NEGLIGENCE

51. Plaintiff repeats and restates the allegations contained in the paragraphs above as if fully set forth here.

52. At all times relevant to this action, it was the policy of Defendants DPS, THP, APD and TC Sheriff, to either fail to ascertain or to inadequately take into account the temperament and character of its police officers, prior to, at, and subsequent to the time when it employed them. As a consequence of this policy, these Defendants failed to take reasonable and necessary measures to prevent Officers with unfit temperament or character from serving on their Police Departments, **a video of the events leading to this suit is proof positive of this deficiency**.

53. Defendants DPS, THP, APD and TC Sheriff were grossly negligent in failing to make appropriate inquiries with respect to the temperament and character of Defendants Trooper Davis, Trooper Salinas, Corporal Pahl, Trooper Sorto and Officer Little prior to, at, or subsequent to the time it employed them as police officers.

54. If the Defendants DPS, THP, APD and TC Sheriff had properly inquired into the character of Defendants Trooper Davis, Trooper Salinas, Corporal Pahl, Trooper Sorto and Officer Little, Defendants DPS, THP, APD and TC Sheriff would have learned that Defendants Trooper Davis, Trooper Salinas, Corporal Pahl, Trooper Sorto and Officer Little had mean, violent and unstable temperaments and were unsuitable to hold positions as police officers.

55. It was also a policy of Defendants DPS, THP, APD and TC Sheriff to improperly and inadequately train and instruct the police officers employed by them, including Defendants Trooper Davis, Trooper Salinas, Corporal Pahl, Trooper Sorto and Officer Little, in the appropriate manner of, among other things investigating a complaint, questioning a civilian and

effecting an arrest. **a video of the events leading to this suit is proof positive of this deficiency.**

56. Despite their knowledge of the deficiencies in their policies, the Defendants DPS, THP, APD and TC Sheriff failed to take corrective measures to train its police officers in the manner of pursuing a suspect, effectuating an arrest and in the proper exercise of apprehending a suspect. **a video of the events leading to this suit is proof positive of this deficiency.**

57. The negligent policies of the Defendants DPS, THP, APD and TC Sheriff, as well as those of Defendants Trooper Davis, Trooper Salinas, Corporal Pahl, Trooper Sorto and Officer Little, were a proximate cause of the injuries to Plaintiff, in that, but for Defendants' policies, the acts alleged would not have occurred.

58. Defendants DPS, THP, APD and TC Sheriff further are guilty of gross negligence when they denied Plaintiff the medication he needed for his medical condition as seen in **Exhibit G**. The United States Supreme Court has held that prisoners have a constitutional right to receive necessary medical care while in custody. *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239 (1983). If the county fails to provide necessary medical care, it may be liable under 42 U.S.C. § 1983 for any injuries the prisoner may suffer as a result of lack of medical care. *Op. Tenn. Atty. Gen*. U90-134.

59. Defendants DPS, THP, APD and TC Sheriff violated Plaintiff's civil rights under the Fourth Amendment to the United States Constitution and 42 U.S.C.A. § 1983 by subjecting Plaintiff to excessive force, false arrest and false imprisonment.

60. As a result of Defendants' violation of Plaintiff's civil rights, Plaintiff suffered damages in an amount to be determined at trial.

### G. COUNT SEVEN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61. Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

62. Plaintiff is an individual seeking relief for wrongful actions taken against him by each of the Defendants named in this case.

63. The defendant's conduct is intentional if the defendant either desires to cause the consequences of its act or believes the consequences are substantially certain to result from its act. *Washington v. Knight,* 887 S.W.2d 211, 216 (Tex.App.—Texarkana 1994, writ denied); *see Toles v. Toles,* 45 S.W.3d 252, 259 (Tex.App.—Dallas 2011, pet. denied); *Behringer v. Behringer,* 884 S.W.2d 839, 842 (Tex.App—Fort Worth 1994, writ denied). Intent can be inferred from the circumstances and the defendant's conduct, not only from the defendant's overt expressions. *Toles,* 45 S.W.3d at 260; *Behringer,* 884 S.W.2d at 842. As stated in the affidavits (**Exhibit C & D**) as well as Defendant Trooper Salinas' Offense Report (See **Exhibit F**) and video of the incident, Trooper Davis intentionally pulled out his Taser which placed Plaintiff in fear of his life due to his medical condition as documented in **Exhibit G.** After the Plaintiff's boss verified that Plaintiff worked for him, Defendants, each of them, continued to intentionally harass Plaintiff with the desire to cause severe emotional distress.

64. The defendant's conduct is reckless if the defendant knows or has reason to know of facts that create a high degree of risk of harm to another and then deliberately proceeds to act in conscious disregard of or with indifference to that risk. *Twyman v. Twyman,* 855 S.W.2d 619, 624 (Tex. 1993); *Toles,* 45 S.W.3d at 259-60. Defendants Trooper Davis aimed the Taser at Plaintiff who because of his medical condition (a Taser shot would kill him) caused severe emotional distress to the Plaintiff.

65.     The plaintiff must establish her emotional distress was severe. *Texas Farm Bur. Mut. Ins. V. Sears.* 84 S.W.3d 604, 610 (Tex.2002); *Bradford v. Vento,* 48S.W.3d 749, 758 (Tex. 2001); *Morgan v. Anthony,* 27 S.W.3d 928, 929 (Tex. 2000). Emotional distress includes painful emotional and mental reactions, such as embarrassment, fright, horror, grief, shame, humiliation, and worry. *GTE Sw., Inc. v. Bruce,* 998 s.W.2d 605, 618 (Tex. 1999). Defendants Trooper Davis and Trooper Salinas' actions, including pulling out and aiming a Taser causing emotional distress including embarrassment, fright, horror, grief, shame, humiliation, and worry as he was in fear of his life due to his medical condition. (See **Exhibit G**). Plaintiff was sitting in a vehicle at his place of employment and no reasonable person could have expected to be approached by Defendants Trooper Davis and Trooper Salinas, absent of probable cause and knowingly and intentionally using reckless behavior aimed at the Plaintiff who did nothing wrong.

66.     The plaintiff must establish the defendant's conduct was extreme and outrageous. *Morgan v. Anthony*, 27 S.W.3d 928 (Tex. 2000). Whether conduct is extreme and outrageous is a question of law. *Bradford v. Vento,* 48 S.W.3d 749, 758 (Tex. 2001); *Brewerton v. Dalrymple,* 997 S.W.2d 212, 216 (Tex.1999). Extreme and outrageous conduct is conduct "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex.1993) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)); *Tiller v. McLure,* 121 S.W.3d 709, 713 (Tex. 2003). As the video will show, Defendant Trooper Davis' actions with the Taser for a situation caused by his own actions abusing his official capacity, aiming the Taser at the Plaintiff even though Plaintiff had not broken any laws and asked for Trooper Davis to state why he approached the vehicle and requested their identification would be extreme and outrageous conduct. Because the intended consequence or the primary risk

of the defendant's conduct is extreme distress, proof of the defendant's conduct should be sufficient to prove the foreseeability element of proximate cause. *Seminole Pipeline Co. v. Broad Leaf Partners,* 979 S.W.2d 730, 755-56 (Tex.app.—Houston [14th Dist.] 1998, no pet.). The actions of Defendants Trooper Davis and Trooper Salinas are the proximate cause of Plaintiff's emotional distress as will be evidence in the video. Further the excessive bail of $8,000.00 violating the Plaintiff's Eighth Amendment Right is additional proof of the intention of the Defendants, each of them, to inflict emotional distress on the Plaintiff.

### H. COUNT EIGHT ASSAULT

67. Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

68. To prove an action for assault by offensive physical contact, the plaintiff must establish the defendant acted intentionally or knowingly. Tex. Pen. Code § 22.01(a)(3). To prove an action for assault by offensive physical contact, the plaintiff must establish the defendant made physical contact with plaintiff's person. *Foye v. Montes,* 9 S.W.3d 436, 441 (Tex.App.—Houston [14th Dist.] 1999, pet. denied). The defendant must have known or should have reasonably believed that the plaintiff would regard the contact as offensive or provocative. Tex. Pen. Code § 22.01(a)(3). Contact is offensive if it offends a reasonable sense of personal dignity. Restatement (2d) of Torts § 19. To prove assault by offensive physical contact, the plaintiff must show only that the defendant made physical contact with the plaintiff. The plaintiff does not have to prove actual physical injury; personal indignity is the essence of an action for assault. *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627, 630 (Tex. 1967); *Foye* 9 S.W.3d 436, 441. Plaintiff has witnesses who were at the incident who will testify Defendant Trooper Davis

intentionally, knowingly and repeatedly touched Plaintiff's chest even after Plaintiff asked him not to touch him.

69. To prove an action for assault by threat of bodily injury, the plaintiff must establish the defendant acted intentionally or knowingly. Tex. Pen. Code § 22.01(a)(2). To prove an action for assault by threat of bodily injury, the plaintiff must establish the defendant threatened the plaintiff with imminent bodily injury. Tex. Pen. Code § 22.01(a)(2). A threat is a declaration of intention to inflict punishment, loss, or pain on another person or to injure another person by committing an unlawful act. *Cf. Cook v. State*, 940 S.W.2d 344, 347 (Tex.App. – Amarillo 1997, pet. ref'd) (terroristic threat case). For example, pointing a shotgun at a person can be a threat of imminent bodily injury. *Cf. Garcia v. State*, 819 S.W.2d 634, 636 (Tex.App. – Corpus Christi 1991, no pet.) (Criminal case). The plaintiff is not required to perceive the threat or the specific nature of the threat as the defendant is performing it. *Cf. Olivas v. State*, 203 S.W.3d 341, 350-351 (Tex.Crim.App.2006) (Plaintiff was threatened when Defendant shot at Plaintiff in her truck even though Plaintiff did not realize what Defendant was doing until she saw bullet holes moments later). "Imminent" means "on the verge of happening" or "near at hand." *Devine v. State*, 786 S.W.2d 268, 270 (Tex.Crim.App.1989) (discussing meaning of "imminent" in robbery case); *Swails v. State*, 986 S.W.2d 41, 45 n.1 (Tex.App. – San Antonio 1999, pet. ref'd) (same); *Bryant v. State*, 905 S.W.2d 457, 459 (Tex.App. – Waco 1995, pet. ref'd) (discussing meaning of "imminent" in terroristic-threat case); *Hill v. State*, 844 S.W.2d 937, 938 (Tex.App. – Eastland 1992, no pet.) (discussing meaning of "imminent" in aggravated-assault case). To be imminent, the threat must be one of present harm, not future harm. *Cox v. Waste Mgmt.*, 300 S.W.3d 424, 439 (Tex.App. – Fort Worth 2009, pet. denied). A threat with a weapon is imminent if the defendant presents the weapon in a manner suggesting that it may

immediately be used against the plaintiff. *Vietnamese Fisherman's Ass'n v. Knights of the Ku Klux Klan*, 518 F.Supp. 993, 1012-13 (S.D.Tex.1981). To prove an action for assault by threat of bodily injury, the plaintiff must establish the defendant's threat caused the plaintiff's injury. Tex. Pen. Code § 22.01(a)(2). The plaintiff must prove that she was apprehensive; she is not required to prove that she was in fear or that she was actually injured. *Mason v. State,* 472 S.W.2d 787, 788 (Tex.Crim.App.1971). In this case, Defendant Trooper Davis threatened the Plaintiff with a Taser which was witnessed by the Plaintiff. The Taser is a weapon, even more so for the Plaintiff in this case because of his medical condition that Plaintiff informed Defendants Trooper Davis and Trooper Salinas. At the point the Taser was aimed at the Plaintiff, the Plaintiff was in fear of imminent harm as well as in fear for his life.

## VI. **PLAINTIFF'S PRAYER FOR RELIEF**

Therefore, Plaintiff, Reynaldo Muniz Jr. respectfully requests that Defendants Chancy Davis, Alonso Salinas, Cody Pahl, Tim Little, Richard Sorto, Texas Department of Public Safety, Texas Highway Patrol Division, Art Acevedo, as chief of Austin Police Department and the Travis County Sheriff's Department be cited to appear and answer, and that on final hearing, Plaintiff have:

1. Damages in an amount within the jurisdictional limits of this court;

2. Pre- and post judgment interest on that amount at the legal rate;

3. Exemplary damages as permitted by Sections 41.001 et seq. of the Texas Civil Practice and Remedies Code;

4. Attorney fees

5. Costs of suit; and

6. Any other relief that the court finds proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

THE KELLY LEGAL GROUP, PLLC
P.O. BOX 2125
Austin, Texas 78701
512-505-0053 tel
512-505-0054 fax
jkelly@kellylegalgroup.com

By: _____
Jeffrey S. Kelly
State Bar No. 24043749
**ATTORNEYS FOR PLAINTIFF**