**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **REYLANDO MUNIZ, JR.** | § | |
| **PLAINTIFF** | § | |
| | § | |
| **v.** | § | **Case no. 1:13-CV-00666** |
| | § | |
| **TRAVIS COUNTY SHERRIF'S OFFICE** | § | |
| **et al.** | § | |
| **DEFENDANTS** | § | |
| | § | |

**DEFENDANT TRAVIS COUNTY'S SHERIFF OFFICE'S MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6)**

TO THE HONORABLE COURT:

Defendant Travis County Sheriff's Office files this motion to dismiss the above-styled case pursuant to Fed. R. Civ. P. 12(b)(6) and respectfully moves this Court to dismiss Plaintiff's lawsuit for failure to state a claim against an entity capable of being sued.  In support of its motion, Defendant respectfully offers the following:

**I.      BACKGROUND**

Plaintiff Reynaldo Muniz, Jr. was briefly detained as an inmate at the Travis County Jail.  On August 07, 2013, Reynaldo Muniz, Jr., (hereinafter "Plaintiff") filed suit in the United States Court for the Western District of Texas Austin Division (Cause No. 1:13-00666-LY) against the following Defendants: Chancey Davis, Alonso Salinas, Cody Pahl, Tim Little, Richard Sorto, Texas Department of Public Safety, Texas Highway Patrol Division, Art Acevado, as chief of Austin Police Department, and the Travis County Sheriff's Office.  It is important to note that none of the named individuals are Travis County employees.  **Complaint at p. 3-5.**

In the Complaint, Plaintiff alleges that on or about May 26, 2012, all of the Defendants violated his civil rights by using excessive force, falsely imprisoning Plaintiff, falsely arresting Plaintiff, conspiring to falsely arrest Plaintiff, conspiring to falsely imprison Plaintiff, and committing gross negligence and intentional infliction of emotional distress. **Complaint at p. 8-19**. Travis County Sheriff's Office was not the arresting agency, and there are no allegations to that effect. With regard to the Travis County Sheriff's Office (TCSO), Plaintiff specifically alleges that he was falsely imprisoned by TCSO while he was held in the custody of TCSO. **Complaint at p. 8-10**. Further, Plaintiff alleges that, while in custody, TCSO was grossly negligent in denying Plaintiff access to his required medication. **Complaint at p. 14**.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. The U.S. Supreme Court has recently set out a two-pronged approach to determine whether a claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). Generally, in reviewing a complaint for 12(b)(6) dismissal, the Court should accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008); *McClure v. Biesenbach*, 355 Fed. Appx. 800 (5th Cir 2009), 2009 U.S. App. LEXIS 26839 (unpublished). However, as the *Iqbal* Court explained its holding in *Twombly,* the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to <u>legal conclusions</u>. *Iqbal* at 1949-50 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007))(emphasis added). Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. *Id.*

The second working principle in *Twombly*, as explained by the U.S. Supreme Court in *Iqbal*, is that only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.* To avoid dismissal under F.R.C.P 12(b)(6), a complaint must state "enough facts to state a claim to relief that is <u>*plausible*</u> on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)(emphasis added). Facial plausibility occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949-50 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). The allegations set forth in the complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). The well pleaded facts must permit the court to infer more than the mere possibility of misconduct, it must show that the pleader is entitled to relief. *Iqbal* at 1949-50 (2009). Mere conclusory allegations will not survive a motion to dismiss. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

When dealing with municipal liability in a complaint, a simple reference to a policy or custom is not enough. *Bd. Of County Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382 (1997); see also *McClure v. Biesenbach*, 355 Fed. Appx. 800 (5th Cir 2009), 2009 U.S. App. LEXIS 26839 (unpublished). In *McClure*, the Fifth Circuit held that a sweeping statement that "upon information and belief, these [due process] deprivations were effected pursuant to City policy, practice or custom" was not sufficient to survive a motion to dismiss made pursuant to *Twombly*. *McClure v. Biesenbach*, 355

Fed. Appx. 800, 804 (5th Cir 2009), 2009 U.S. App. LEXIS 26839 (unpublished).  In

reaching its conclusion, the Fifth Circuit cited *Twombly* in stating that the Plaintiffs had

provided "a formulaic recitation of the elements of a cause of action," or "a legal

conclusion couched as a factual allegation," which fails to state allegations raising the

right to relief above the level of speculation.  *Twombly*, 550 U.S. at 555.

### III.   MOTION TO DISMISS

**A.**    **Travis County Sheriff's Office is Not a Proper Defendant**

The court should find that the Travis County Sheriff's Office is not a legal entity

capable of being sued, and dismiss Plaintiff's claims against the office.   *Guidry v.*

*Jefferson Cty. Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994); *Cozzo v.*

*Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002).   An

entity's capacity to sue or be sued is determined by the law of the State where the district

court is sited.  Fed. R. Civ. P. 17(b).   *Dillon v. Jefferson Cnty. Sheriff's Dep't*, 973 F.

Supp. 626, 627 (E.D. Tex. 1997).   Pursuant to Texas law, an entity such as a

governmental subdivision can only sue or be sued, if the legislature has granted it the

capacity to sue or be sued.   *Id.*   Under Texas law, a sheriff's department is a

governmental subdivision without capacity for independent legal action.   *Darby v.*

*Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991).   Accordingly, a sheriff's

department in Texas cannot sue or be sued.  *Id.*  As such, it does not have an agent for

service as alleged in Plaintiff's complaint.

Here, Plaintiff filed his law suit in the Western District of Texas.  Thus, Texas law

controls on the issue of whether the Travis County Sheriff's Office can be sued and be

made a proper party in this law suit.  As mentioned above, the Texas legislature has not

granted sheriff's offices the capacity to sue or be sued.  Thus, the Travis County Sheriff's

Office does not have the capacity to sue or be sued.  Hence, the Travis County Sheriff's Office is not a proper defendant in this law suit.  Consequently, the Court should dismiss all claims against the Travis County Sheriff's Office.

**B.**     **Plaintiff has Failed to Implicate Defendant Travis County Sheriff Hamilton Individually**

Even if Plaintiff amended his petition to add Travis County Sheriff Greg Hamilton as a Defendant, the court should find that Plaintiff's claims against Sheriff Hamilton fail. The law is well settled and clearly holds that the doctrine of respondeat superior cannot support liability in §1983 actions. *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978).  In fact, established Fifth Circuit precedent holds that "personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied*, 104 S. Ct. 248 (1983).  To state a claim, a plaintiff must set forth facts illustrating a defendant's participation in the alleged wrong.   *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

Moreover, "[w]ell settled § 1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 2443 (1992). Supervisory officials may only be held accountable if: (i) they affirmatively participate in actions that cause the constitutional deprivation; or (ii) implement, through their authority as official policy makers, unconstitutional policies that causally result in the plaintiff's injury. *Id*. at 928.  The Supreme Court has warned that "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 405, 117 S. Ct. 1382 (1997).  The failure to plead with specificity and particularity any personal

involvement by Defendants is grounds for dismissing Plaintiff's complaint. *Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986).

Here, Plaintiff would merely name Sheriff Hamilton in his/her supervisory capacity, and fail to allege with factual specificity and particularity any personal involvement by Sheriff Hamilton in the alleged unconstitutional treatment. Consequently, Plaintiff's claims would fail to implicate Sheriff Hamilton in this action as required by well settled and established Fifth Circuit precedent.

**C.    Plaintiff's Allegations of Inadequate Medical Care Fail to State a § 1983 Claim**

The Court should find that Plaintiff's claims for inadequate medical care fail because Plaintiff does not state specific and particularized facts to establish a constitutional violation. To set forth a cause of action under § 1983, there must be an allegation of specific acts or omissions sufficiently harmful to demonstrate "deliberate indifference" to an inmate's medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). A prison official acts with deliberate indifference when his acts or omissions expose a prisoner to a "'sufficiently substantial risk of serious damage to his future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843, 114 S. Ct. 1970, 1982 (1994)(quoting *Helling v. McKinney*, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481 (1993)). To show "deliberate indifference," the plaintiff must plead specific facts demonstrating that the prison official knew the risks, and disregarded a substantial risk to the plaintiff's health and safety. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

Further, a claim of medical malpractice does not become a constitutional violation merely because the plaintiff is a prisoner. *Estelle*, 429 U.S. at 106. Claims for inadequate or improper medical treatment amounting to no more than mere negligence, neglect, or medical malpractice do not amount to a violation of the Eighth Amendment right to be free from cruel and unusual punishment. *Estelle*, 429 U.S. at 105. This is so because such cases

do not evince "deliberate indifference" and are properly subject to dismissal.  *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).  Additionally, a prisoner is entitled to medical care, but not to the type of medical care personally desirable to him.  The test is one of medical necessity, not desirability.  *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981); *Massey v. Hutto*, 545 F.2d 45, 46 (8th Cir. 1981).

Here, in Plaintiff's Complaint on pages 7 and 14, Plaintiff merely alleges that he received inadequate medical care while briefly in custody at Travis County Sheriff's Office.  Plaintiff failed to provide any facts alleging that the Travis County Sheriff's Office staff's conduct amounted to deliberate indifference.  Specifically, Plaintiff has not provided any facts alleging that the Travis County Sheriff's Office staff knew the risks.  And that the Travis County Sheriff's Office staff consciously disregarded a substantial risk to Plaintiff's health and safety by refusing Plaintiff access to his medication for back and neck pain.  If anything, Plaintiff's allegations merely state a claim for negligence or neglect, and not deliberate indifference as required by well-established precedent.  Accordingly, the Court should dismiss Plaintiff's claim for inadequate medical care because Plaintiff has failed to provide sufficient facts that amount to a § 1983 claim.

**D.**     **Plaintiff does not Adequately Plead a False Imprisonment Case Against TCSO**

The Travis County Sheriff must accept all prisoners "committed to the jail by a lawful authority."  Texas Local Govt. Code § 351.041.  Plaintiff was brought to the jail by a lawful authority, the Texas Department of Public Safety.  The fact that he was arrested without a warrant is not dispositive; a person can be legally and constitutionally arrested absent a warrant.  *Vela v. White*, 703 F.2d 147, 150 (5th Cir. 1983).  A peace officer may place a person in jail if the officer is authorized to retain that person in custody.  Tex. Crim. Proc. Code Ann. Art. 45.43.  The deputies who manage the jail cannot act as magistrates,

deciding whether prisoners brought to the jail by the Texas Department of Public Safety were properly arrested or not.  Further, Plaintiff incorrectly asserts that the magistrate is an employee of the Travis County Sheriff.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Travis County Sheriff's Office respectfully request that this Court dismiss this cause with regard to its participation in this lawsuit with prejudice, that Plaintiff take nothing, and that the Court grant any further relief to which Defendants may be justly entitled.

Respectfully submitted,

DAVID ESCAMILLA
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9513
Facsimile:  (512) 854-4808

By:    /s/ Elaine A. Casas
Elaine A. Casas
Assistant County Attorney
State Bar No. 0785750

Jennifer Kraber
Assistant County Attorney
State Bar No. 24027426

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Elaine A. Casas
Jennifer Kraber
P.O. Box 1748
Austin, Texas  78767
ATTORNEYS FOR DEFENDANT


Jeffrey S. Kelly
The Kelly Legal Group, PLLC
PO Box 2125
Austin, TX 78768
ATTORNEYS FOR PLAINTIFF


/s/ Elaine A. Casas
Elaine A. Casas
Jennifer Kraber
Assistant County Attorneys

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **REYNALDO MUNIZ, JR.** | § | |
| **PLAINTIFF** | § | |
| | § | |
| | § | |
| **v.** | § | **Case no. 1:13-cv-666** |
| | § | |
| | § | |
| **TRAVIS COUNTY SHERIFF'S OFFICE** | § | |
| **et al** | § | |
| **DEFENDANTS** | § | |

# O R D E R

Before the Court is Defendant Travis County Sheriff's Office's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). After careful consideration of the Motion, Plaintiff's response, if any, and the pleadings filed by the parties, the Court is of the opinion that the Motion has merit and should be GRANTED. Accordingly, it is

ORDERED, ADJUDGED and DECREED that Plaintiff's Complaint against Defendant Travis County Sheriff's Office is hereby dismissed.

SIGNED this _____ day of _____, 2013.

_____
UNITED STATES DISTRICT JUDGE