IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REYNALDO MUNIZ, JR., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:13-cv-666-LY |
| | § | |
| TEXAS DEPARTMENT OF PUBLIC | § | |
| SAFETY et al., | § | |
|     Defendant. | § | |

**DEFENDANT TEXAS DEPARTMENT OF PUBLIC SAFETY'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Texas Department of Public Safety[1], by and through the Attorney General for the State of Texas, submits this Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1). In support thereof, Defendant Texas Department of Public Safety respectfully offers the following:

**I.**

**STATEMENT OF THE CASE**

Plaintiff Reynaldo Muniz, Jr. filed this action under 42 U.S.C. § 1983 against the Texas Department of Public Safety (DPS)[2], stemming from an arrest and detention. In his complaint, Plaintiff alleges that on or about May 26, 2012, all of the Defendants violated his civil rights

---

[1] In his complaint, Plaintiff has curiously named the Texas Department of Public Safety and "the Highway Patrol Division" as separate defendants. The Highway Patrol Division is a sub-division of the Texas Department of Public Safety. http://www.txdps.state.tx.us/HighwayPatrol. To the extent the court considers these entities as two separate defendants, the arguments asserted here are equally applicable to sub-divisions of state agencies as well as the agencies themselves.

[2] In his complaint, Plaintiff has named as defendants four DPS troopers, an Austin Police Department Officer, the Chief of the Austin Police Department, and the Travis County Sheriff's Office. This motion is asserted on behalf of DPS and the Highway Patrol Division to the extent it is considered a separate defendant.

when he was arrested and detained for failure to identify and resisting arrest. Plaintiff has asserted claims under 42 U.S.C. § 1983 as well as state tort claims. He alleges excessive force, falsely imprisonment, false arrest, conspiracy, gross negligence, intentional infliction of emotional distress, and assault.

II.

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

Defendant Texas Department of Public Safety moves to dismiss Plaintiff's claims against it pursuant to FED. R. CIV. P. 12(b)(1). The Eleventh Amendment to the United States Constitution is an explicit jurisdictional bar against suits brought in federal court against the State. U.S. CONST. Amend. XI. The immunity afforded by the Eleventh Amendment extends to the State's agencies and departments and, in the absence of waiver, applies regardless of the nature of relief sought. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "The very object and purpose of the Eleventh Amendment [is] to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147, 113 S.Ct. 684, 689 (1993) quoting, *In re Ayers*, 123 U.S. 443, 505, 8 S.Ct. 164, 183 (1887). The Supreme Court has held that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355-56 (1974). Absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court. *Puerto Rico Aqueduct and Sewer Authority,* 506 U.S. at 144, 113 S.Ct. at 687-88. The state may waive this immunity or Congress may specifically override the immunity under § 5 of the Fourteenth Amendment. *Welch v. Texas*

*Dept. of Highways and Public Transp.*, 483 U.S. 468, 474, 107 S. Ct. 2941, 2946 (1987); s*ee also Puerto Rico Aqueduct*, 506 U.S. at 144-46.  Neither exception is present here, as immunity has not been waived, nor has there been any Congressional abrogation under § 5.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2310 (1989) (in passing § 1983, Congress "had no intention to disturb the States' Eleventh Amendment immunity").  Accordingly, Plaintiff's claims brought against DPS are barred by the Eleventh Amendment and must be dismissed for lack of jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).[3]

Similarly, Plaintiff's state law tort claims are barred under the Texas Tort Claims Act.  *See* TEX. CIV. PRAC. & REM. CODE Chapter 101.  The Texas Supreme Court has held that "(s)overeign immunity from suit defeats a trial court's subject matter jurisdiction." *Texas Dept. Of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004).  Additionally, when a lawsuit is barred by sovereign immunity, dismissal with prejudice for want of jurisdiction is proper. *Liberty Mut. Ins. Co. v. Sharp,* 874 S.W.2d 736, 739 (Tex. App. - - Austin 1994, writ denied).  It is a fundamental rule of Texas jurisprudence that the State of Texas, its agencies, political subdivisions, and its officers may not be sued without consent of the Texas Legislature.  *Hosner v. DeYoung*, 1 Tex. 764 (Tex. 1847); *Griffin v. Hawn*, 341 S.W.2d 151 (Tex. 1960).  The State of Texas is immune from suit unless it gives its consent to be sued.  *Missouri Pac. R. Co. v. Browns Navigation Dist.*, 453 S.W.2d 812, 813 (Tex. 1970).  Political subdivisions of the State enjoy the protection afforded by this sovereign immunity except in instances where immunity has been expressly waived by statute. *See Harris County v. Dillard*, 883 S.W.2d 166, 168 (Tex. 1994).  In Texas, sovereign immunity can be waived only by clear, unambiguous language.

---

[3] The narrow exception set forth in *Ex parte Young*, 209 U.S. 123, 159-60, 28 S. Ct. 441, 453-54 (1908), allowing prospective injunctive relief through official-capacity actions is inapplicable here as Plaintiff has requested only monetary relief.

*University of Texas Medical Branch of Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994). Governmental entities in Texas are immune from suit and cannot be liable for damages unless the plaintiff's claims fall squarely within the limited statutory waiver of sovereign immunity as provided by the Tort Claims Act. *See Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 31 (Tex. 1983). Plaintiff has the obligation to allege acts that affirmatively demonstrate the Court's jurisdiction to hear the cause. *City of Austin v. Ender*, 30 S.W.3d 590, 593 (Tex. App.—Austin).

Section 101.021 of the Texas Civil Practice and Remedies Code contains the limited statutory waiver of sovereign immunity:

> "property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the claimant according to Texas law; and (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE Chapter 101.021.

Moreover, the Texas Legislature has explicitly clarified that the waiver of immunity does not extend to "assault, battery, false imprisonment, or any other intentional tort." TEX. CIV. PRAC. & REM. CODE Chapter 101.057. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's state law tort claims asserted in this cause.

### III.

### CONCLUSION

Defendant Texas Department of Public Safety and/or the Highway Patrol Division urges this Court to deny the Plaintiff any and all relief demanded in her Complaint, dismiss all claims against it for lack of subject matter jurisdiction. Should the Court decline to grant this motion,

Defendant Texas Department of Public Safety will tender its answer within ten days after notice of the Court's ruling, as provided by Rule 12(a).

    Respectfully submitted,

    **GREG ABBOTT**
    Attorney General of Texas

    **DANIEL T. HODGE**
    First Assistant Attorney General

    **DAVID C. MATTAX**
    Deputy Attorney General for Defense Litigation

    **KAREN D. MATLOCK**
    Assistant Attorney General
    Chief, Law Enforcement Defense Division

    */s/ Matthew J. Greer*
    **MATTHEW J. GREER**
    Assistant Attorney General
    Texas Bar No. 24069825
    Attorney-in-Charge

    Law Enforcement Defense Division
    Office of the Attorney General
    Post Office Box 12548
    Austin, Texas  78711-2548
    (512) 463-2080 / fax (512) 495-9139

    **ATTORNEYS FOR TEXAS**
    **DEPARTMENT OF PUBLIC SAFETY**

**NOTICE OF ELECTRONIC FILING**

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Western District of Texas, on September 5, 2013.

>*/s/ Matthew J. Greer*
>**MATTHEW J. GREER**
>Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that a true copy of **Defendant Texas Department of Public Safety's Motion to Dismiss for Lack of Subject Matter Jurisdiction** has been served electronically via *Western District of Texas Electronic Document Filing System*, to all parties including Plaintiffs' Attorney, Jeffrey S. Kelly at **jkelly@kellylegalgroup.com** on September 5, 2013.

>*/s/ Matthew J. Greer*
>**MATTHEW J. GREER**
>Assistant Attorney General