IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REYNALDO MUNIZ, JR., § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 1:13-cv-666-LY |
| § | | |
| TEXAS DEPARTMENT OF PUBLIC § | | |
| SAFETY et al., § | | |
|    Defendant. § | | |

**DEFENDANT SORTO'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE, LEE YEAKEL**:

Defendant Richard Sorto, by and through the Attorney General for the State of Texas, submits this Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Defendant Sorto respectfully offers the following:

1. Defendant Richard Sorto, at the time relevant to Plaintiff's complaint, was employed as a Trooper for the Texas Department of Public Safety.

2. Plaintiff Reynaldo Muniz, Jr. filed this action against Defendant Sorto (as well as three other Troopers and other city and county officials) stemming from a detention and arrest on May 26, 2012. (D.E. 23)  Plaintiff asserts claims under 42 U.S.C. § 1983 and several other state law tor theories. (*Id.*)[1]

---

[1] Defendant Sorto was served on September 26, 2013, several weeks after the initial Defendants were served.

3. Co-Defendant Troopers Davis, Salinas and Pahl have all responded to Plaintiff's allegations and moved this Court to dismiss them for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state claim under Rule 12(b)(6). (See D.E. 11)

4. Defendant Sorto adopts and incorporates by reference all of the argument and authorities cited by Defendants Davis, Salinas and Pahl in their motion to dismiss and reply brief in support. (See D.E. 11, 26)

5. Defendant Sorto contends that Plaintiff has failed to state claims under 42 U.S.C. § 1983 and that this Court lacks subject matter jurisdiction over Plaintiff's state law tort claims as they are barred under *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011) and the Texas Tort Claims Act. (See D.E. 11, 26)

**WHEREFORE PREMISES CONSIDERED,** Defendant Trooper Sorto requests that this Court dismiss all claims against him under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Should the Court decline to grant this motion, Defendants Sorto will tender his answer within ten days after notice of the Court's ruling, as provided by Rule 12(a).

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Matthew J. Greer*

>MATTHEW J. GREER
>Assistant Attorney General
>Texas Bar No. 24069825
>Attorney-in-Charge
>
>Law Enforcement Defense Division
>Office of the Attorney General
>Post Office Box 12548
>Austin, Texas  78711-2548
>(512) 463-2080 / fax (512) 495-9139

**ATTORNEYS FOR DEFENDANT SORTO**

**NOTICE OF ELECTRONIC FILING**

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Western District of Texas, on October 16, 2013.

>*/s/ Matthew J. Greer*
>**MATTHEW J. GREER**
>Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that a true copy of **Defendant Sorto's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim** has been served electronically via *Western District of Texas Electronic Document Filing System*, to all parties including Plaintiffs' Attorney, Jeffrey S. Kelly at **jkelly@kellylegalgroup.com** on October 16, 2013.

>*/s/ Matthew J. Greer*
>**MATTHEW J. GREER**
>Assistant Attorney General