IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **REYNALDO MUNIZ JR.** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:13-CV-00666 |
| | § | |
| **CHANCY DAVIS; ALONSO SALINAS;** | § | |
| **CODY PAHL; TIM LITTLE; RICHARD** | § | |
| **SORTO; TEXAS DEPARTMENT OF** | § | |
| **PUBLIC SAFETY, TEXAS HIGHWAY** | § | |
| **PATROL DIVISION; ART ACEVEDO,** | § | |
| **AS CHIEF OF AUSTIN POLICE** | § | |
| **DEPARTMENT ; TRAVIS COUNTY** | § | |
| **SHERIFF GREG HAMILTON and** | § | |
| **TRAVIS COUNTY** | § | |
| *Defendants.* | § | |

**PLAINTIFF REYNALDO MUNIZ JR'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff Reynaldo Muniz Jr. ("Mr. Muniz" or "Plaintiff") and brings this suit complaining of Defendants Chancy Davis, Alonso Salinas, Cody Pahl, Tim Little, Richard Sorto, the Texas Department of Public Safety, Texas Highway Patrol Division, Art Acevedo as Chief of Austin Police Department, Travis County Sheriff Greg Hamilton and the Travis County and for cause will show the Court the following. Mr. Muniz has verified the following (See **Exhibit A**).

**I. NATURE OF ACTION**

1. Plaintiff Muniz and another occupant of a pickup truck were awaiting the start of their workday by setting in their vehicle on the premises of their workplace. Muniz and the occupant of the truck witnessed a traffic stop on the road abutting their workplace. Soon

thereafter, unprovoked and without an ounce of probable cause two Texas Department of Public Safety officers of the Texas Highway Patrol Division, Defendant Trooper Davis and Defendant Trooper Salinas began to interrogate/ harass both Plaintiff Muniz and the occupant of the vehicle. The situation escalated rapidly and resulted in the arrest of Plaintiff Muniz. No contraband was seized, no cause for the arrest was ever sustained, in fact the charges were eventually dropped. It is clear that the stop and subsequent arrest was just for harassment only Defendant Trooper Davis and Defendant Trooper Salinas arrested Plaintiff Mr. Muniz for no reason and without probable cause.

## II. <u>VENUE AND JURISDICTION</u>

2.      Jurisdiction is conferred upon this Court pursuant to 42 U.S.C. § 1983 and 42 U.S.C.A. § 1988 and the Fourth and 14th Amendments to the United States Constitution. Furthermore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343(a)(3), to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, Plaintiff s claims arise under the laws of the United States. The Supreme Court has held that "a case 'arose under' federal law where vindication of a right under state law necessarily turned on some construction of federal law." Accordingly, this matter turns on federal matters and the Court has jurisdiction. The test of whether Federal Jurisdiction injunction against state proceedings by means of civil rights removal is permissible: As established in *Younger v. Harris*, 401 U.S. 37; 91 S. Ct. 746; 27 L.Ed.2d 69 (1971), a removing party (or party seeking a Federal Injunction to stop state court proceedings) must allege and prove, as a matter of fact and by a preponderance of the evidence, special circumstances in the state court system

(such as a plethora of essentially uncontestable quasi-judicial evictions, where the judicial proceedings are so devoid of legal defenses and equitable procedures as to be worthless, which show that there's no chance that a Defendant will receive equal protection or due process of laws in the relevant state courts).  "The state cannon diminish rights of the people." *Hurtado v. People of the State of California*, 110 U.S. 516, 538, 4 S. Ct. 292, 28 L. Ed. 232 (1884). This Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. §2201.

3.	Venue is proper in the United States District Court for the Western District of Texas, Austin Division under 28 U.S.C. § 1391(b)(1) as well as § 1391(b)(2) because the defendants reside in this judicial district and all of the events giving rise to the claims made in this complaint occurred in this judicial district.

### III. PARTIES

4.	Plaintiff, **Reynaldo Muniz Jr.** is an individual residing in Travis County, Texas. At all times relevant herein, Plaintiff was over the age of eighteen and is a resident of the city of Austin, Texas, County of Travis, State of Texas.

5.	Defendant **Chancy Davis** (hereinafter "Trooper Davis") is an individual residing in Texas.  Trooper Davis has at all times relevant herein been employed as an officer working under the color of law for the Texas Department of Public Safety; he may be served with process at his place of employment, **Texas Department of Public Safety 5805 North Lamar Blvd. Austin, Texas 78752-4422**.

6.	Defendant **Alonso Salinas** (hereinafter "Trooper Salinas") is an individual residing in Texas.  Trooper Salinas has at all times relevant here been employed as an officer working under the color of law for the Texas Department of Public Safety; he may be served

with process at his place of employment, **Texas Department of Public Safety 5805 North Lamar Blvd. Austin, Texas 78752-4422**.

7. Defendant **Cody Pahl** (hereinafter "Corporal Pahl") is an individual residing in Texas. Corporal Pahl has at all times relevant herein been employed as an officer working under the color of law for the Texas Department of Public Safety; he may be served with process at his place of employment at **Texas Department of Public Safety 5805 North Lamar Blvd. Austin, Texas 78752-4422.**

8. Defendant **Tim Little** (hereinafter "Officer Little") is an individual residing in Texas. Officer Little has at all times relevant here been employed as an officer working under the color of law for the Austin Police Department; he may be served with process at his place of employment by serving the **Austin Police Department, Legal Division at 200 W. 8th Street, Austin, Texas 78701**.

9. Defendant **Richard Sorto** (hereinafter "Trooper Sorto") is an individual residing in Texas. Trooper Sorto has at all times relevant herein been employed as an officer working under the color of law for the Texas Department of Public Safety; he may be served with process at his place of employment at **Texas Department of Public Safety 5805 North Lamar Blvd. Austin, Texas 78752-4422**.

10. Defendant **Texas Department of Public Safety, Texas Highway Patrol Division** (hereinafter "DPS")**,** is a law enforcement arm of the Texas Government and may be served by serving the **Director of DPS, Steven McCraw**, at **5805 North Lamar Blvd., Austin, Texas 78752**.

11. Defendant **Art Acevedo, as Chief of the Austin, Texas Police Department** (hereinafter "APD"). Defendant Art Acevedo is being sued in his official capacity and he may

be served at the following address: **Austin Police Department, Legal Division 200 W. 8th Street, Austin, Texas 78701.**

12.     Defendant **Travis County Sheriff Greg Hamilton** (hereinafter "Hamilton") is an individual and may be served at by serving **Shelly Eaton**, at **5555 Airport Blvd., Austin, Texas 78751**.

13.     Defendant **Travis County** (hereinafter "TC") is a Texas Government Organization and may be served at by serving **Travis County Risk Management Office**, **Elaine Casas**, at **P.O. Box 1748., Austin, Texas 78751**.

## IV. FACTS

14.     At all times mentioned in this petition Defendants Trooper Davis, Trooper Salinas, Corporal Pahl and Officer Little were, and are still duly appointed, qualified, and acting Officers of the State of Texas.

15.     At all times mentioned in this petition Texas Highway Patrol Division was, and is still a division of the Texas Department of Public Safety, Defendant DPS.

16.     At all times mentioned in this petition Defendants APD was, and is still a division of the City of Austin.

17.     At all times mentioned in this petition Defendants Hamilton was, and is still the Sheriff of Travis County.

18.     At all times mentioned in this petition Defendants TC was, and is still a division of Travis County.

19.     On Saturday May 26, 2012 at a Campus Auto Glass and N Tense Audio businesses located at 8505 Springdale Road, Defendants Trooper Davis and Trooper Salinas conducted a traffic stop and decided to approach the Plaintiff and a co-worker who were sitting

in an S-10 Chevrolet pickup backed into the stores driveway, awaiting their boss to open up the business so Plaintiff and his co-worker may begin their work day. Defendants Trooper Davis and Trooper Salinas began to question the Plaintiff and his co-worker without probable cause. Trooper Davis opened the passenger door where Plaintiff was sitting without permission or probable cause. Defendants Trooper Davis and Trooper Salinas continued to abuse their official capacity and commit official oppression on the Plaintiff and his coworker by detaining each with no probable cause of any wrongdoing whatsoever. The business owners of Campus Auto Glass and N Tense Audio arrived and confirmed the Plaintiff and his co-worker both worked for both businesses at that location.

20. Plaintiff exited the vehicle and as he walked away from the scene was illegally detained by Defendant Trooper Davis who tried to put the Plaintiff's hands behind his back. Plaintiff reasserted his constitutional right asking for their probable cause and restated his boss confirmed that the Plaintiff worked at the business location. Defendant Trooper Davis continuously touched Plaintiff with his finger by pecking on Plaintiff's chest committing both simple and aggravated assault over and over again. Plaintiff asked that Defendant Trooper Davis stop violating his Fourth Amendment Rights. Defendant Trooper Davis then pulled out his Taser to intentionally and knowingly threaten Plaintiff with imminent bodily harm. Plaintiff immediately dialed 911 for Austin Police Department.

21. Defendants Corporal Pahl and Trooper Sorto arrived on the scene and continued the unlawful restraint of the Plaintiff. Defendant Officer Little of Defendant APD arrived to the scene and continued the unlawful restraint of the Plaintiff. As can be heard on the video obtained by the Plaintiff, Defendant Corporal Pahl advised Defendant Trooper Davis to arrest Plaintiff and "he can make a complaint afterwards." Defendants Trooper Davis and Trooper Salinas then

committed aggravated kidnapping as well as wrongful arrest of the Plaintiff under the instructions of Defendant Corporal Pahl while under the scope of the employment of Defendant DPS and Defendant THP.  Defendants Trooper Davis and Trooper Salinas transported Plaintiff to Travis County jail to be under the care of Defendants Hamilton and TC. An additional officer, only seen as Travis County Sheriff Deputy but not identified in any reports or statements on this incident, appeared at the scene and joined the conspiracy of a deliberate indifference to the constitutional rights of the Plaintiff.

22. While in custody under Defendants TC and Hamilton, Plaintiff was not allowed to take his required medication which was desperately needed for his back condition and the metal fusion in his neck. Plaintiff was held against his will for over 31 hours and without his required medication for his pain.

23. Plaintiff went in front of the Magistrate, employee of Defendant TC, who informed Plaintiff of his extremely high bond of $8,000.00 (see **Exhibit B**) for his unsupported charge of Resisting Arrest and is a violation of Plaintiff's Eighth Amendment, Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. U.S. Const. Amend. VIII. Plaintiff will testify that the Magistrate stated it was illegal for Mr. Muniz to be in prison. Furthermore, Plaintiff will have a witness who can support what was said by the Magistrate (see **Exhibit K**).

24. On May 26, 2012, a warrant, full of false statements and lies as they had no probable cause as seen in the video of the arrest, for the arrest of Plaintiff, Reynaldo Muniz Jr., for the offense of Failure to Identify was issued by the Justice of the Peace, Precinct 1 of Travis County Texas. A copy of the arrest warrant is attached to this complaint as **Exhibit C** and is incorporated by reference herein.

25.     On May 26, 2012, a warrant, full of false statements and lies as they had no probable cause as seen in the video of the arrest, for the arrest of Plaintiff, Reynaldo Muniz Jr., for the offense of Resisting Arrest, Search or Transportation was issued by the County Court at Law No. 7 of Travis County Texas. A copy of the arrest warrant is attached to this petition as **Exhibit D** and is incorporated by reference herein.

26.     The language of Sec. 38.02, Penal Code, "FAILURE TO IDENTIFY" specifically reads that a person must have already been lawfully arrested for some other offense, and then refused to identify themselves, before the person can be charged with an offense under the first subsection of that penal code section. The only other offense that can be committed under that statute is for the person to be lawfully detained, and, then, the person proceeded to provide false identifying information rather than none at all. The video and audio evidence available in **Exhibit F** shows none of the required elements to commit either offense under Sec. 38.02, Penal Code, actually existed in this case regarding Muniz and his co-worker. The video further shows the Plaintiff did not resist arrest but rather allowed himself to be arrested once Defendants Trooper Davis, Trooper Salinas, Trooper Sorto, and Officer Little and Corporal Pahl conspired on a false charge to arrest the Plaintiff.

27.     On May 26, 2012, Plaintiff was arrested in Travis County, Texas, pursuant to the defective arrest warrants filled with false statements in an effort to get "probable cause" approved by a "neutral" judge, listed in paragraphs 24 and 25 of this petition and was held in the Defendants TC and Hamilton's location at 500 W. 10th Street, Austin, Texas 78701.

28.     Defendants, and each of them, acting on the arrest warrants listed in paragraphs 24 and 25 of this petition, willfully and wrongfully arrested and falsely imprisoned Plaintiff in the Travis County Sheriff's Department at 500 W. 10th Street, Austin, Texas 78701.

29.     Defendants' arrest of Plaintiff was wrongful in that at all times prior to and during the wrongful arrest and false imprisonment of Plaintiff; Defendants intentionally and knowingly violated Plaintiff's Fourth Amendment and Eighth Amendment Rights under the United States Constitution.

30.     On August 27, 2012, both the offense for Failure to Identify as well as the offense for Resisting Arrest were dismissed as evident by **Exhibit E** and are incorporated by reference. Also attached is the police video capturing the entire incident, **Exhibit F**, as well as an expert statement from former officer Eddie Craig, **Exhibit G**, giving details of the video and the crimes committed by the Defendants at the scene of the incident. In addition Plaintiff is filing criminal complaints against Trooper Davis, Trooper Salinas, Corporal Pahl and Officer Little as seen in **Exhibits N-1 N-95** for their wrongful actions.

## V. <u>CLAIMS</u>

### A. COUNT ONE VIOLATION OF CIVIL RIGHTS/EXCESSIVE FORCE

31.     Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

32.     Defendants violated Plaintiff's civil rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution by subjecting Plaintiff to excessive force. Supreme Court has stated excessive force claims are properly analyzed under the Fourth Amendment's "objective reasonableness" standard, rather than under a substantive due process standard *Graham v. Connor*, 490 U.S. 386, 388, 109 S. Ct. 1865, 1867-68, 104 L. Ed. 2d 443 (U.S.N.C. 1989). As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard

to their underlying intent or motivation. *See Scott v. United States*, 436 U.S. 128, 137–139, 98 S.Ct. 1717, 1723–1724, 56 L.Ed.2d 168 (1978); *see also Terry v. Ohio*, supra, 392 U.S., at 21, 88 S.Ct., at 1879 (in analyzing the reasonableness of a particular search or seizure, "it is imperative that the facts be judged against an objective standard"). An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional. *See Scott v. United States, supra*, 436 U.S., at 138, 98 S.Ct., at 1723, citing *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

33.     The excessive force can be seen on a **video** obtained from the police car of Trooper Davis (see **Exhibit F**). Plaintiff is at his place of employment eating breakfast waiting for his boss to open shop to begin his work day. Defendants Davis and Salinas has absolutely no objective reason to go over and to harass the Plaintiff nor did Defendants Davis and Salinas have an objective reason to use any force or threaten to use the force of a Taser on the Plaintiff. Plaintiff further submits an expert statement by former officer Eddie Craig discussing the incident as seen on the video. (See **Exhibit G**). In addition, the entire incident can be collaborated by witnesses, one of which signed the attached affidavit (See **Exhibits H-1, H-2 and H-3**). Plaintiff was sitting in a vehicle at his place of employment and no reasonable person could have expected to be approached by Defendants Trooper Davis and Trooper Salinas, absent of probable cause and knowingly and intentionally using reckless behavior aimed at the Plaintiff who did nothing but sit in a vehicle eating his breakfast while waiting for his boss to open shop to begin his work day. As stated in the affidavits (**Exhibit C & D**) as well as Defendant Trooper Salinas' Offense Report (See **Exhibit I**) and video of the incident, Trooper Davis intentionally pulled out his Taser which placed Plaintiff in fear of his life due to his medical condition as

documented in **Exhibit J.** After the Plaintiff's boss verified that Plaintiff worked for him, Defendants, each of them, continued to intentionally harass Plaintiff.

34. As a result of Defendants' violation of Plaintiff's civil rights, Plaintiff suffered damages in an amount to be determined at trial.

### B. COUNT TWO VIOLATION OF CIVIL RIGHTS/FALSE ARREST

35. Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

36. Defendants individually and/or through their agents violated Plaintiff's civil rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983 by falsely arresting him. A plaintiff must prove that the defendant knowingly or recklessly provided false information to secure the arrest warrant. *See Freeman v. County of Bexar,* 210 F.3d 550, 553 (5th Cir.2000) (citing *Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). The lies and false statements from the affidavits of the officers, Exhibits C and D, can be seen on a **video** obtained from the police car of Trooper Davis (see **Exhibit F**). Plaintiff further submits an expert statement by former officer Eddie Craig discussing the incident as seen on the video. (See **Exhibit G**). Furthermore the entire incident is collaborated by witness statements; see the attached affidavit (See **Exhibits H-1, H-2 and H-3**).

37. Under the Texas Penal code, "restraint" is defined as restricting a person's movement without his consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Tex. Pen. Code §20.01(1). (b) A person commits an offense if the person intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense. Tex. Penal Code Ann. § 20.04. As stated in the affidavits (**Exhibit C & D**) as well as Defendant Trooper Salinas' Offense Report (See

**Exhibit I**) and confirmed by the video of the incident, Trooper Davis pulled out his Taser which placed Plaintiff in fear of his life due to his medical condition as documented in **Exhibit J** and is incorporated by reference herein. The entire incident is collaborated by witness statements; see the attached affidavit (See **Exhibits H-1, H-2 and H-3**).

38. It was also a policy of Defendants DPS, TC, APD and Hamilton to improperly and inadequately train and instruct the police officers employed by them, including Defendants Trooper Davis, Trooper Salinas, Corporal Pahl, Trooper Sorto and Officer Little, in the appropriate manner of, among other things investigating a complaint, questioning a civilian and effecting an arrest. Defendants DPS, TC, APD and Hamilton to improperly and inadequately train and instruct the police officers employed by them can be seen in additional recent incidents in **Exhibit M** and is incorporated by reference herein..

39. Despite their knowledge of the deficiencies in their policies, the Defendants DPS, TC, APD and Hamilton failed to take corrective measures to train its police officers in the manner of pursuing a suspect, effectuating an arrest and in the proper exercise of apprehending a suspect.  Defendants DPS, TC, APD and Hamilton failure to take corrective measures to train and instruct the police officers employed by them can be seen in additional recent incidents in **Exhibit M** and is incorporated by reference herein.

40. As a result of Defendants' violation of Plaintiff's civil rights as well as violation of Plaintiff's Eighth Amendment Right with the excessive bail of $8,000.00, Plaintiff suffered damages in an amount to be determined at trial

### C. COUNT THREE CONSPIRACY/FALSE ARREST

41. Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

42. Defendants, individually and/or through their agents, violated Plaintiff's civil rights under the Fourth Amendment and 42 U.S.C. § 1983 by conspiring to falsely arrest him.

43. As can be shown in the video, **Exhibit F**, Defendants, each of them routinely huddled together to discuss how they can falsely arrest and imprison the Plaintiff. The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim. *Love v. King*, 784 F.2d 708, 712 (5th Cir.1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir.1980), cert. denied, 451 U.S. 1019, 101 S.Ct. 3009, 69 L.Ed.2d 391 (1981). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. See, *Monroe v. Pape*, 365 U.S. 167, 184, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); accord, *Brown v. Miller*, 631 F.2d 408, 410–11 (5th Cir.1980).  In the instant case, it is clear that Defendants and each of them violated Plaintiffs' rights. What is clear from the video is Defendant Corporal Pahl as a supervisor was called out and consulted regarding the specific facts; a determination was made to wrongfully arrest Plaintiff despite the fact that no recognizable crime had been committed.

44. As a result of Defendants' violation of Plaintiff's civil rights as well as violation of Plaintiff's Eighth Amendment Right with the excessive bail of $8,000.00, Plaintiff suffered damages in an amount to be determined at trial.

### D. COUNT FOUR VIOLATIONS OF TITLE II OF THE ADA AND SECTION 504 OF THE REHABILITATION ACT

45. Defendants TC and Hamilton have been, and are, a recipient of federal funds, and thus covered by the mandate of Section 504, which requires that recipients of federal monies reasonably accommodate persons with disabilities in their facilities, program activities, and

services and reasonably modify such facilities, services, and programs to accomplish this purpose.

46. Title II of the ADA (42 U.S.C. § 12131 *et seq*.) also applies here and has essentially the same mandate as that expressed in Section 504. Travis County is a Public entity as defined, (1) Public entity, the term "public entity" means--(A) any State or local government;(B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; 42 U.S.C.A. § 12131 (West)

47. Title II of the ADA provides, that "no qualified individual with a disability shall by reason of such disability, be excluded from participation in or be denied the benefits of the service, program, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132. A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable modifications of rules, policies, or practices, the removal of architectural, communication or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

48. The Supreme Court in *McMillian* explained that:

> a suit against a governmental officer "in his official capacity" is the same as a suit " 'against [the] entity of which [the] officer is an agent,' " *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting *Monell*, 436 U.S. at 690, n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611(1978)), and that victory in such an "official-capacity" suit "imposes liability on the entity that [the officer] represents," *Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985).[1]

Therefore by this above statement by naming Defendant Hamilton this incorporates the wrongdoing of the entity being the Travis County Sheriff's Department as well for these

---

[1] *McMillian*, 520 U.S. at 785 n. 2, 117 S.Ct. 1734.

violations made by the officers who denied Plaintiff his medication and then attempted to bribe the Plaintiff. (See **Exhibit L-1 and L-2**).

49. Defendants' prison is a facility, and its operation comprises a program and service for Section 504 and Title II purposes.

50. Defendants TC and Hamilton failed and refused to reasonably accommodate the Plaintiff's disability, as documented in **Exhibit J**, in violation of Title II of the ADA and Section 504, when he was in prison. TC refused to provide the necessary medications for Mr. Muniz. Hamilton and TC's agents attempted to bribe Mr. Muniz to signing a release of liability (see Exhibits L-1 and L-2). Defendants TC and Hamilton failed and refused to modify its prison facility to reasonably accommodate Mr. Muniz's disability, in violation of Title II of the ADA and Section 504.

### E. COUNT FIVE VIOLATIONS OF THE EIGHTH AMENDMENT AND §1983

51. Plaintiffs allege a separate and distinct cause of action under the Eighth Amendment of the U.S. Constitution for refusing to treat the Plaintiff's serious medical condition, as documented in **Exhibit J**, especially by trying to bribe him when Defendants TC and Hamilton should have been acting to avoid Mr. Muniz's very visible pain and agony he was suffering while falsely incarcerated. ). A delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and the delay results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993). The U.S. Supreme Court provides the definition of deliberate indifference:

> "...deliberate indifference is more than more blameworthy than negligence but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."

52. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed 2d 811 (1994). As detailed in **Exhibits L-1 and L-2**, officers and employees of Defendants TC and

Hamilton working at the Defendant's facility, denied the medication requested by the Plaintiff and even taunted him with a "paper" for him to sign, showing a clear deliberate indifference to the Plaintiff's disability and need for his required medication. The United States Supreme Court has held that prisoners have a constitutional right to receive necessary medical care while in custody. *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239 (1983). If the county fails to provide necessary medical care, it may be liable under 42 U.S.C. § 1983 for any injuries the prisoner may suffer as a result of lack of medical care. *Op. Tenn. Atty. Gen*. U90-134. At trial this violation will be told in front of jury detailing how Defendants TC and Hamilton must answer for the actions of their employees following their policies, causing the Plaintiff harm.

53. The actions of Defendant TC and Hamilton, done under color of law and their authority, with intent and deliberate indifference to Mr. Muniz's constitutional rights, deprived him of federal constitutional fights to be free from cruel and unusual punishment.

54. Plaintiff was placed in wrongfully arrested and imprisoned by actions of each of the Defendants. As art additional punishment, Plaintiff was denied access to his medication by Defendants TC and Hamilton, leaving him in great pain while remaining in custody. For an individual suffering from severe pain, this constituted cruel and unusual punishment.

55. Defendants TC and Hamilton directly and proximately deprived Plaintiff of his medication by failing and refusing to provide access to his medications.

## VI. <u>PLAINTIFF'S PRAYER FOR RELIEF</u>

Therefore, Plaintiff, Reynaldo Muniz Jr. respectfully requests that Defendants Chancy Davis, Alonso Salinas, Cody Pahl, Tim Little, Richard Sorto, Texas Department of Public Safety, Texas Highway Patrol Division, Art Acevedo, as chief of Austin Police Department,

Sheriff Greg Hamilton and the Travis County be cited to appear and answer, and that on final hearing, Plaintiff have:

1. Damages in an amount within the jurisdictional limits of this court;

2. Pre- and post judgment interest on that amount at the legal rate;

3. Exemplary damages as permitted by Sections 41.001 et seq. of the Texas Civil Practice and Remedies Code;

4. In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction. 42 U.S.C.A. § 1988 (West)

5. Costs of suit; and

6. Any other relief that the court finds proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

THE KELLY LEGAL GROUP, PLLC
P.O. BOX 2125
Austin, Texas 78701
512-505-0053 tel
512-505-0054 fax
jkelly@kellylegalgroup.com

By: _____
**JEFFREY S. KELLY**
State Bar No. 24043749
**KEITH S. McMAHON**
State Bar No. 24060992
**ATTORNEYS FOR PLAINTIFF**