IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REYNALDO MUNIZ, JR. | § | |
|     Plaintiffs | § | |
| | § | |
| vs. | § | CAUSE NO. 1:13-CV-666-LY |
| | § | |
| CHANCY DAVIS, ALONSO SALINAS; | § | |
| CODY PAHL; TIM LITTLE; RICHARD | § | |
| SORTO; TEXAS DEPARTMENT OF | § | |
| PUBLIC SAFETY, TEXAS HIGHWAY | § | |
| PATROL DIVISION; ART ACEVEDO, | § | |
| as Chief of Austin Police Department; and | § | |
| TRAVIS COUNTY SHERRIFF'S OFFICE | § | |
|     Defendants | § | |

## CITY DEFENDANTS' RULE 12 MOTION TO DISMISS

TO THE HONORABLE JUDGE LEE YEAKEL:

COME NOW, Tim Little and Art Acevedo ("City Defendants"), and file City Defendants' Rule 12 Motion to Dismiss in response to Plaintiff's First Amended Complaint, pursuant to the Federal Rules of Civil Procedure, and show as follows:

### I.
### Plaintiff's Presentation of Facts

Plaintiff asserts state and federal claims based on his May 26, 2012 arrest by Texas Department of Public Safety ("DPS") Troopers, and incarceration and withholding of medication by Travis County Jail.

The only City of Austin defendants are two individual defendants, Tim Little, a patrol officer with the Austin Police Department ("APD"), and Art Acevedo, APD Chief of Police. Plaintiff makes no factual allegations that either Officer Little or Chief Acevedo arrested or incarcerated Plaintiff. The defects are incurable by amendment warranting dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, and judgment on the pleadings under Rule 12(c).

Plaintiff's First Amended Complaint is 18 pages, attaching 111 pages of Exhibits. In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

A.      Complaint makes four references to Officer Little and no reference to Chief Acevedo.

The only references to the City Defendants are in four (4) sentences highlighted below, which make no factual allegations.[1]

"Defendant **Officer Little** of Defendant APD arrived to the scene and continued the unlawful restraint of the Plaintiff." *Amended Complaint, ¶21.* "The video further shows the Plaintiff did not resist arrest but rather allowed himself to be arrested once Defendants Trooper Davis, Trooper Salinas, Trooper Sorto, and **Officer Little** and Corporal Pahl conspired on a false charge to arrest the Plaintiff." *Amended Complaint, ¶26.* "In addition Plaintiff is filing criminal complaints against Trooper Davis, Trooper Salinas, Corporal Pahl and **Officer Little** as seen in Exhibits N-1 N-95 for their wrongful actions." *Amended Complaint, ¶30.* "It was also a policy of Defendants DPS, TC, APD and Hamilton to improperly and inadequately train and instruct the police officers employed by them, including Defendants Trooper Davis, Trooper Salinas, Corporal Pahl, Trooper Sorto and **Officer Little**, in the appropriate manner of, among other things investigating a complaint, questioning a civilian and effecting an arrest." *Amended Complaint, ¶38.*

B.      Exhibits make four references to Officer Little and no reference to Chief Acevedo.

The only references to City Defendants are in two (2) paragraphs of one (1) exhibit highlighted below, which make no factual allegations.

---

[1] Officer Little and Chief Acevedo are also named in the Parties, *Amended Complaint, p.13,* and in the Prayer, *Amended Complaint, p.16.*

EXHIBIT G. Expert Statement of Eddie Craig. "But, rather than talk to Muniz first and determine what his reason for the call to 911 was all about, **Officer Little** tells him to wait and then proceeds to be 'briefed' by Trooper Davis, who again offers the same misstatement of the facts delivered to Corporal Pahl. There is no audio between **Officer Little** and Muniz." *Exhibit G, p.7.*

"At time index 00h:21m:24s **Officer Little** tells the DPS officers 'What I told him is that, I said that for all I know you guys (meaning the DPS officers) were on a traffic stop, this trucks backed into a closed business. You guys (meaning Muniz and his co-worker) may be just trying to relax, but for all they know, backed into a closed business with a truck like this . . . I would think that was suspicious, and that's what . . . [unintelligible] that's reasonable suspicion . . . [unintelligible] to ask for your ID.' However, while **Officer Little** is correct that such circumstances *allow* an officer to *ask* for ID, it *does not authorize him to threaten or to detain for the purpose of compelling its production,* especially when the business owner has already confirmed that Muniz and his co-worker worked there and had every right to be on the premises." *Exhibit G, p.7.*

## III.
### ARGUMENT AND AUTHORITIES [2]

No facts are alleged against Chief Acevedo, nor is he named under any of the five "Counts."[3] Officer Little is named under "Count Two Violation of Civil Rights/False Arrest." *Amended Complaint, p11.* The defects are incurable by amendment warranting dismissal because a court need not rely on "plaintiff's description of facts where the record discredits that

---

[2] A court may on its own initiative sanction Plaintiff and counsel for violation of Rule 11(b), including for frivolous claims. *Fed.RulesCiv.Proc., Rule 11(c)(3).*

[3] Count One, Civil Rights/Excessive Force, makes no factual allegations against City Defendants. Count Three, Conspiracy/False Arrest, makes no factual allegations against City Defendants, and a conclusory allegation of conspiracy fails to allege an agreement between private and public officials to commit an illegal act, and a violation of a constitutional right. *Tebo v. Tebo,* 550 F.3d 492, 496 (5th Cir. 2008). Counts Four–Five, makes no factual allegations against City Defendants, asserting claims that Travis County Jail withheld medication.

description, but should instead consider 'facts in the light depicted in the videotape'." *Carnaby v. City of Houston,* 636 F.3d 183 (5th Cir. 2011); citing *Scott v. Harris,* 550 U.S. 372 (2007). The DPS dash cam videotape submitted by Plaintiff, <u>Exhibit F,</u> establishes that Chief Acevedo was not at the scene, Officer Little was dispatched in response to Plaintiff's 911 call, explained questioning based on reasonable suspicion then left the scene.

A.     <u>Rule 12(b)(1) and Rule 12(c) warrant dismissal based on Plaintiff's Amended Complaint.</u>

Rule 12(b)(1) allows a party to move to dismiss an action for lack of subject matter jurisdiction. *Fed.RulesCiv.Proc., Rule 12(b)(1).* The court must dismiss "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of establishing subject matter jurisdiction is on the party seeking to invoke it. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). Plaintiffs must overcome an initial presumption that the federal court lacks subject matter jurisdiction, and have the burden to allege acts that affirmatively demonstrate the court's jurisdiction to hear the cause. *City of Austin v. Ender,* 30 S.W.3d 590, 593 (Tex.App.—Austin 2000).

Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed. *Fed.RulesCiv.Proc., Rule 12(c).* Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer. *Id., Rule 7(a); Beall Legacy Partners, L.P., et al., v. City of Waxahachie,* 2006 WL 353471 *1 (N.D. Tex. 2006) (fact that there is still time for a party to move for leave to amend does not affect this reasoning); *Kyocera Nortel Networks Ltd. v. Kyocera Wireless Corp.,* 2002 WL 31114077, at *1 n.1 (N.D. Tex. 2002). Motions for judgment on the pleadings are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the

pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002).  "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008).

A motion under Rule 12(b)(6) asks a court to dismiss a complaint for failure to state a claim upon which relief can be granted." *Fed.RulesCiv.Proc., Rule 12(b)(6).*  The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* at 678.  Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.*  Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Iqbal,* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993).  However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain,* 478 U.S. 265, 286 (1986).  Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994).

First, "merely listing a party's name is insufficient to invoke the Court's jurisdiction over that party." *Hatch v. U. S. Bankruptcy Judge Harold C. Abramson, et al.,* 2002 WL 493027 *5

(N.D. Tex. 2002) (Plaintiff alleges nothing but their name and occupation."). Accordingly, dismissal is warranted under Rule 12(b)(1) and 12(c).

Second, Plaintiff has failed to plead sufficient facts to confer jurisdiction or state a claim for relief that is "facially plausible" against City Defendants. *Iqbal,* at 678. Plaintiff's legal conclusions are not factual allegations. Nor may conclusory allegations substitute for specific facts. *Tuchman,* at 1067. Plaintiff's pleading fails to establish more than a "sheer possibility" of a claim against City Defendants. *Iqbal,* at 679. Accordingly, dismissal is warranted under Rules 12(b)(1) and 12(c).

Third, Plaintiff has failed to plead a waiver of immunity for claims against City Defendants, if any federal or state law claims are deemed pled. No facts are pled against Chief Acevedo, and supervisory officials are not vicariously liable for the actions of their subordinates under §1983. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691-95 (1978); *Alton v. Texas A&M Univ.,* 168 F.3d 196, 200 (5th Cir. 1999). Supervisors may be held liable only if (1) they are personally involved in the constitutional deprivation, or (2) there exists a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir. 1987). Liability also requires the supervisor's conduct to be the cause, or moving force, behind the injury suffered. *Monell,* at 692-94. A supervisor's conduct is measured against the standard of deliberate indifference, which requires a plaintiff to show (1) the supervisor was aware of facts from which the inference would be drawn that a substantial risk of serious harm existed, and (2) the supervisor drew the inference. *Alton,* at 200; *Smith v. Brenoettsy,* 158 F.3d 908, 911 (5th Cir. 1998).

Officer Little is sued in his individual capacity, and is entitled to official/qualified immunity. *Amended Complaint,* ¶8. Official/qualified immunity shields officials from money

damages for state and federal claims unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct. *Ashcroft v. al-Kidd,* 131 S.Ct. 2074, 2080 (2011). Because qualified immunity entitles public officials to immunity from suit, not just protection from liability, courts are encouraged to resolve qualified immunity questions at the earliest possible stage, including at the Rule 12 stage based on the facts in the pleadings. *Babb v. Dorman,* 33 F.3d 472, 477 (5th Cir. 1994).

Plaintiff's state law claims do not fall within the limited waiver of governmental immunity under the Texas Tort Claims Act ("TTCA"). *Tex.Civ.Prac.&Rem.Code, Chapter 101.* The TTCA waives immunity only for "property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment." *Id., §101.021.* Further, immunity is only waived if the property damage, personal injury or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment." *Id., §101.021(1)(A).* Finally, the Texas Legislature has clarified that the waiver of immunity does not extend to "assault, battery, false imprisonment, or any other intentional tort." *Id., §101.057(2).*

The Texas Supreme Court has expressly held that the TTCA does not waive immunity for intentional torts, including the intentional tort of false imprisonment. *Texas DPS v. Petta,* 44 S.W.3d 575, 580-81 (Tex. 2001) (immunity from false arrest/false imprisonment claim against police officer). Moreover, claims against City Defendants are barred by Section 101.106(f), and the line of cases applying *Franka* to claims against law enforcement officers. *Franka v. Velasquez,* 332 S.W.3d 367 (Tex. 2011); *Herrera v. Aguilar,* 2013 WL 4784125 (W.D. Tex. 2013); *Zepeda v. Sizemore,* 2013 WL 4677964, *7-9 (W.D. Tex. 2013); *Tipps v. McCraw,* 2013

WL 2250120, *3-7 (W.D. Tex. 2013); *Kelley v. Chambers Cnty., Texas,* 2013 WL 1003455, *3-5 (S.D.Tex. 2013).

B.     The defects in the Complaint are incurable by amendment warranting dismissal.

The Austin Police Department is not named in the style of the Complaint, or the Prayer. *Amended Complaint, p1, 16.* Plaintiff identifies "Defendant Art Acevedo, as Chief of the Austin, Texas Police Department (hereinafter 'APD')," as a party. *Amended Complaint, ¶11.* Thereafter, references to APD would mean Chief Acevedo as a defined term. Even if APD were deemed to be a party, a city police department has no independent capacity to be subject to suit, and may not be sued because it lacks jural existence. *Darby v. Pasadena Police Department,* 939 F.2d 311, 313 (5th Cir. 1991).

The City of Austin is not named in the style of the Complaint, or the Prayer. *Amended Complaint, p.1, 16.* Chief Acevedo is sued in his official capacity, and an official capacity suit is a suit against the municipality. *Amended Complaint, ¶11.* Plaintiff's recitation of the elements, such as "a policy of Defendants DPS, TC, APD . . . improperly and inadequately train and instruct the police officers . . . failed to take corrective measure to train its police officers," fails to state a claim. *Amended Complaint, p.12.* Even if the City were named, the factual allegations in the petition—or, more accurately, the lack of factual allegations—amount to little more than a "'formulaic recitation of the elements' required to establish municipality liability." *Fleming v. Frias,* 2009 WL 5033943, at *5 (N.D. Tex 2009) (city entitled to judgment on the pleadings). Municipalities are liable under Section 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell,* at 690. A municipality may also be liable if the constitutional violations were the result of "governmental 'custom' even

though such a custom has not received formal approval." *Id.* To establish liability under *Monell,* a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Bennett v. City of Slidell,* 728 F.2d 762, 767 (5th Cir. 1984). Single, isolated incidents will not suffice to establish policy or custom; the plaintiff must allege a pattern of similar incidents. *Fraire v. City of Arlington,* 957 F.2d 1268, 1278 (5th Cir. 1992). Plaintiff fails to identify any APD policy, and relies on a single incident.

## III.
### PRAYER

WHEREFORE, City Defendants pray that all relief requested by Plaintiff be denied, and for costs, attorney's fees, and any additional relief to which they may be entitled in law or equity.

RESPECTFULLY SUBMITTED,

KAREN M. KENNARD, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION


CHRIS EDWARDS
Assistant City Attorney
State Bar No. 05337646
City of Austin-Law Department
Post Office Box 1546
Austin, Texas 78767-1546
(512) 974-2419
(512) 974-1311 [FAX]

ATTORNEYS FOR CITY DEFENDANTS

## Certificate of Service

This is to certify that I have served a copy of the foregoing on all parties, or their attorneys of record, in compliance with the Federal Rules of Civil Procedure, this 15th day of January, 2014.

**Via E-Filing to:**
Jeffrey S. Kelly
SBN 24043749
The Kelly Legal Group, PLLC
PO Box 2125
Austin, Texas  78701
512-505-0053
512-505-0054

_____
CHRIS EDWARDS