IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REYNALDO MUNIZ, JR., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 1:13-cv-666-LY |
| § | | |
| TEXAS DEPARTMENT OF PUBLIC § | | |
| SAFETY et al., § | | |
| Defendant. § | | |

**DEFENDANT TEXAS DEPARTMENT OF PUBLIC SAFETY'S AMENDED MOTION
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Texas Department of Public Safety[1], by and through the Attorney General for the State of Texas, submits this Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1). In support thereof, Defendant Texas Department of Public Safety respectfully offers the following:

**I.**

**STATEMENT OF THE CASE**

Plaintiff Reynaldo Muniz, Jr. filed this action under 42 U.S.C. § 1983 against the Texas Department of Public Safety (DPS)[2], stemming from an arrest and detention. In his complaint, Plaintiff alleges that on or about May 26, 2012, all of the Defendants violated his civil rights when he was arrested and detained for failure to identify and resisting arrest. Plaintiff has asserted claims under 42 U.S.C. § 1983. He alleges excessive force, falsely imprisonment, false

---

[1] In his original complaint, Plaintiff has named the Texas Department of Public Safety and "the Highway Patrol Division" as separate defendants. It appears that in his amended complaint he has correctly listed them as a single defendant as the Highway Patrol Division is a subdivision of DPS.

arrest, and conspiracy. Specifically, he claims DPS failed to properly train its officers. (D.E. 31 at 12)

## II.

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

Defendant Texas Department of Public Safety moves to dismiss Plaintiff's claims against it pursuant to FED. R. CIV. P. 12(b)(1). The Eleventh Amendment to the United States Constitution is an explicit jurisdictional bar against suits brought in federal court against the State. U.S. CONST. Amend. XI. The immunity afforded by the Eleventh Amendment extends to the State's agencies and departments and, in the absence of waiver, applies regardless of the nature of relief sought. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "The very object and purpose of the Eleventh Amendment [is] to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147, 113 S.Ct. 684, 689 (1993) quoting, *In re Ayers*, 123 U.S. 443, 505, 8 S.Ct. 164, 183 (1887). The Supreme Court has held that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355-56 (1974). Absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court. *Puerto Rico Aqueduct and Sewer Authority,* 506 U.S. at 144, 113 S.Ct. at 687-88. The state may waive this immunity or Congress may specifically override the immunity under § 5 of the Fourteenth Amendment. *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 474, 107 S. Ct. 2941, 2946 (1987); s*ee also Puerto Rico Aqueduct*, 506 U.S. at 144-46. Neither exception is present here, as immunity

has not been waived, nor has there been any Congressional abrogation under § 5.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2310 (1989) (in passing § 1983, Congress "had no intention to disturb the States' Eleventh Amendment immunity"). Accordingly, Plaintiff's claims brought against DPS are barred by the Eleventh Amendment and must be dismissed for lack of jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).[3]

None of the amendments in Plaintiff's Amended Complaint cure this deficiency, including the addition of a claim for "failure to train."  State agencies cannot be sued for damages under 42 U.S.C. § 1983, regardless of the nature of the claim the Plaintiff wishes to assert.  Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims asserted against DPS as it is entitled to immunity.

## III.

## CONCLUSION

Defendant Texas Department of Public Safety urges this Court to deny the Plaintiff any and all relief demanded in his Amended Complaint, dismiss all claims against it for lack of subject matter jurisdiction. Should the Court decline to grant this motion, Defendant Texas Department of Public Safety will tender its answer within ten days after notice of the Court's ruling, as provided by Rule 12(a).

    Respectfully submitted,

    **GREG ABBOTT**
    Attorney General of Texas

    **DANIEL T. HODGE**
    First Assistant Attorney General

---

[3] The narrow exception set forth in *Ex parte Young*, 209 U.S. 123, 159-60, 28 S. Ct. 441, 453-54 (1908), allowing prospective injunctive relief through official-capacity actions is inapplicable here as Plaintiff has requested only monetary relief.

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division


*/s/ Matthew J. Greer*
**MATTHEW J. GREER**
Assistant Attorney General
Texas Bar No. 24069825
Attorney-in-Charge

Law Enforcement Defense Division
Office of the Attorney General
Post Office Box 12548
Austin, Texas  78711-2548
(512) 463-2080 / fax (512) 495-9139

**ATTORNEYS FOR TEXAS
DEPARTMENT OF PUBLIC SAFETY**

### NOTICE OF ELECTRONIC FILING

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Western District of Texas, on February 21, 2014.

*/s/ Matthew J. Greer*
**MATTHEW J. GREER**
Assistant Attorney General


### CERTIFICATE OF SERVICE

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that a true copy of **Defendant Texas Department of Public Safety's Amended Motion to Dismiss**

**for Lack of Subject Matter Jurisdiction** has been served electronically via *Western District of Texas Electronic Document Filing System*, to all parties including Plaintiffs' Attorney, Jeffrey S. Kelly at **jkelly@kellylegalgroup.com** on February 21, 2014.

*/s/ Matthew J. Greer*
**MATTHEW J. GREER**
Assistant Attorney General