IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **REYNALDO MUNIZ, JR.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:13-cv-666-LY** |
| | § | |
| **TEXAS DEPARTMENT OF PUBLIC** | § | |
| **SAFETY et al.,** | § | |
| **Defendant.** | § | |

**DEFENDANT DAVIS, SALINAS, PAHL, AND SORTO'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

**TO THE HONORABLE JUDGE OF SAID COURT**:

Defendants Chancy Davis, Alonso Salinas, Cody Pahl, and Richard Sorto, by and through the Attorney General for the State of Texas, submit this motion to dismiss Plaintiff's first amended complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). Plaintiff's amendments to his complaint in no way cure the defects in his claims. In support thereof, Defendants Davis, Salinas, Pahl, and Sorto respectfully offer the following:

**I.**

**STATEMENT OF THE CASE**

Plaintiff Reynaldo Muniz, Jr. filed this action against Defendants Davis, Salinas, Pahl, and Sorto stemming from a detention and arrest on May 26, 2012. Troopers Davis, Salinas, Pahl, and Sorto are (or were at the time relevant to this case) law enforcement officers employed by the Texas Department of Public Safety. (DPS) In his complaint, Plaintiff alleges that on or about May 26, 2012, all of the Defendants violated his civil rights when he was detained and

later arrested for failure to identify and resisting arrest.  As set out below[1], Plaintiff has asserted

claims under 42 U.S.C. § 1983.  He alleges excessive force, false imprisonment, false arrest,

conspiracy.[2]

Plaintiff claims that on the morning of May 26, 2012, a Saturday, he was sitting in a truck

parked backwards outside of closed auto shop on Springdale Road. (D.E. 31 at 6)  The tailgate

was facing the front of the business. (*Id.*)  Troopers Davis and Salinas conducted a traffic stop of

another vehicle directly adjacent to the area where Plaintiff was parked. (*Id.*)  Trooper Davis

observed that the Plaintiff and the driver of the truck were sitting slouched in their seats in such a

way that made it difficult to see them. (D.E. 31 at Ex. D, I)  Plaintiff claims Troopers Davis and

Salinas questioned and detained him with no probable cause, but makes no allegation as to

whether the officers had reasonable suspicion.  (*See generally*, D.E. 31)

Plaintiff admits he attempted to exit the vehicle and walk away from the area and admits

that at this point Trooper Davis "tried to put the Plaintiff's hands behind his back." (D.E. 31 at 6)

Nowhere in the complaint does Plaintiff state that Trooper Davis was successful in securing him

at this time or that he complied with Trooper Davis' orders. (*Id.*)  Instead, Plaintiff claims he

"reasserted his Constitutional right asking for their probable cause." (*Id.*)  Plaintiff also

submitted and incorporated in his complaint, a copy of the dash camera video documenting this

incident. (D.E. 31, Ex. F)  The video confirms that which Plaintiff has artfully stated in his

---

[1] As required under Rule 12, all of the facts recited below are derived exclusively from within
the four corners of Plaintiff's complaint and attached materials which Plaintiff explicitly
incorporated by reference within his complaint.

[2] Plaintiff's amended complaint omits all of the state law tort claims previously asserted in his
original complaint, thereby voluntarily dismissing them. (*Compare* D.E. 1, D.E. 31)  Therefore,
this motion will only address Plaintiff's Constitutional claims as they are the only causes of
action asserted against the DPS Defendants.

pleadings: <u>that Trooper Davis ordered Plaintiff to submit to hand restrains, attempted to secure his arms, and that Plaintiff, in protest, twice pulled his arms away from Trooper Davis' grasp and swung his body toward him.</u> (See D.E. 31, Ex. F at 10:15-10:35)  In his report, Trooper Salinas states that when Trooper Davis attempted to secure Plaintiff's arms, he pulled his hands away and swung his body around. (D.E. 31 at Ex. I)  Plaintiff's and Defendants' accounts of these events are not inconsistent with each other.[3]

During the process of detaining Plaintiff, he claims that Trooper Davis, using unconstitutionally excessive force, poked Plaintiff in the chest with his finger. (D.E. 31 at 6, 8) After not being able to secure Plaintiff, he claims Trooper Davis drew his taser, but Plaintiff does not claim that the taser was actually used on him. (*Id.*)  Plaintiff alleges no physical injuries from these acts. (*See generally*, D.E. 31)  Plaintiff claims following the arrival of the APD and TCSO officers, he was arrested by Defendants and transported to the Travis County Jail.

Plaintiff admits that following his arrest, an affidavit and application for an arrest warrant was presented before a neutral magistrate. (D.E. 31 at 7, 1-2, 1-3, 1-4)  The magistrate found probable cause to arrest Plaintiff on the resisting arrest charge and set bail at $8,000 on the resisting arrest charge. (*Id.*)

---

[3] One of the amendments to Plaintiff's compliant is that he has inserted language asserting that Defendant Salinas' report and the resulting warrant affidavits are "full of false statements and lies."  Nowhere in his compliant does Plaintiff specify exactly what statements contained in those documents are false.  (See D.E. 31)

## II.

## BRIEF IN SUPPORT

### A.     Pleading Standards under Rule 12(B)(6)

Plaintiff's pleadings are insufficient to establish his entitlement to relief under 42 U.S.C. § 1983.  Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (May 18, 2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. See also *Fowler v. UMPC Shadyside*, 578 F.3d 203 (3rd Cir.2009).

The Supreme Court began its rejection of bare bones pleading in *Twombly,* holding that a pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Phillips*, 515 F.3d at 232.  The Supreme Court's opinion in *Iqbal* extends the reach of *Twombly*, instructing that all civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  Courts should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664.

Therefore, after *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.*  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a

"plausible claim for relief." 129 S. Ct. at 1950.  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1950.  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*; *See also Fowler v. UMPC Shadyside*, 578 F.3d 203 (3rd Cir. 2009).

After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.  To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948.  The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. See *Id.* at 1949-50; see also *Twombly*, 550 U.S. at 555, & n.3.  For the reasons noted below, Plaintiff's claims are insufficient to establish Constitutional violations under *Twombly* and *Iqbal*.

**B.     Plaintiff failed to state a claim for excessive force under the Fourth Amendment.**

Plaintiff's claim for excessive force fails as a matter of law as he has alleged nothing more than being poked in the chest with no resulting injury.  A claim of excessive force by a peace officer must be analyzed solely under the Fourth Amendment to the U.S. Constitution. *Graham v. Connor,* 490 U.S. 386, 393-394, 109 S. Ct. 1865, 1870-1871 (1989).  In order to demonstrate the use of excessive force under the Fourth Amendment, the plaintiff must prove

some injury, which resulted directly and only from the use of force that was clearly excessive to the need, and the force used was objectively unreasonable. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir.1999).  A plaintiff is not required to demonstrate a significant injury. *Harper v. Harris County*, 21 F.3d 597, 600 (5th Cir.1994).  However, the plaintiff is required to have suffered at least a *de minimis* injury." *Williams* at 703; *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir.2007) "The determination of whether a plaintiff's alleged injury is sufficient to support an excessive force claim is context-dependent and is 'directly related to the amount of force that is constitutionally permissible under the circumstances.' " *Id.* (quoting *Ikerd v. Blair*, 101 F.3d 430, 435 (5th Cir.1996)).  Factors to consider, in assessing whether the force is "excessive" or "unreasonable," "include 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.' " *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir.2009) (internal citations omitted).  Even still, trivial and *de minimis* acts plainly do not rise to the level of Constitutional violations. *Joiner v. Smith*, 69 F.3d 536, 539 (5th Cir.1995) (noting that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights" (internal quotation omitted))

Here, Plaintiff's excessive force claim is predicated on being allegedly poked in the chest.  No injuries are alleged.  This is the precise type of trivial act which is not cognizable as a Constitutional violation.  Accordingly, this claim must be dismissed.

## C.  Plaintiff's false arrest / false imprisonment claims fail as a neutral magistrate found the existence of probable cause.

The finding of probable cause to arrest Plaintiff by a neutral magistrate terminates all liability for Defendants for any false arrest, false imprisonment, or conspiracy claims.  "The Fifth Circuit has held that "if facts supporting an arrest are placed before an independent intermediary

such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Taylor v. Gregg*, 36 F.3d 453, 456-57 (5th Cir.1994); *See also*, *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir.2010).  However, the chain of causation remains intact if "it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir.1988). "[T]he chain of causation is broken only where all the facts are presented to the grand jury, or other independent intermediary where the malicious motive of the law enforcement officials does not lead them to withhold any relevant information from the independent intermediary." *Id.*  It is the Plaintiff's affirmative duty to both plead and establish with specificity that the magistrate's decision was tainted by false and misleading information beyond mere conclusory allegations. *Taylor*, 36 F.3d at 456-57.

Plaintiff has argued that his false arrest / false imprisonment claim should proceed because he did not commit the offense of failure to identify, and therefore should not have been charged with resisting arrest. (D.E. 24 at 4)  Both the Texas Penal Code and the holdings Texas Courts flatly reject this contention.

Plaintiff contends that under the offense for failure to identify, an offense only occurs if a person who has been detained gives false information, and that a detained suspects' refusal to provide identification is not an offense.  He then argues that his resisting arrest charge must also then be invalid. (D.E. 24 at 4 "If the Plaintiff should not have been arrested for failure to identify then he should not have been charged with resisting arrest.")  In this, Plaintiff is simply incorrect. Under Texas Law for resisting arrest, it is no defense to prosecution that the underlying arrest was unlawful. TEX. PENAL CODE § 38.03(b).  In short, citizens do not have a right to resist an arrest because they disagree with an officer's application of the law.  "The right to resist an

arrest, even an illegal arrest, is prohibited by the provisions of V.T.C.A., Penal Code, Section 38.03." *Sanford v. State*, 550 S.W.2d 682, 683 (Tex.Crim.App. 1977).   Therefore, even if Plaintiff is correct that the failure to identify charge was unsupported, this does not insulate him from his resisting arrest charge.

In addition, Plaintiff's failure to identify any false statements relied upon by the magistrate is fatal to his claim for false arrest.   *Taylor v. Gregg*, 36 F.3d 453, 456-57 (5th Cir.1994); *See also*, *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir.2010). Plaintiff's claim can proceed only if "it can be shown that the deliberations of [the magistrate] were in some way tainted by the actions of the defendant." *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir.1988).   To this point, in his amended complaint, Plaintiff repeatedly asserts the conclusory allegation that the arrest warrant was "full of false statements and lies."   However, Plaintiff has not identified *what* information contained in the affidavits is false, or how it possibly tainted the ruling of the magistrate.   Specifically, Plaintiff's response does not disclaim that which was in his original complaint regarding his failure to comply when instructed by Trooper Davis to submit to hand restraints.   Plaintiff does not seem to dispute the fact that when Trooper Davis first ordered Plaintiff to submit to hand restraints he evaded his attempts to secure his arms.[4] (See D.E. 31 at 6) ("Trooper Davis…tried to put the Plaintiff's hands behind his back. Plaintiff reasserted his Constitutional right asking for their probably cause…")   Moreover, Plaintiff has submitted to the Court the dash-camera video of the incident and incorporated it in his complaint  (D.E. 31, Exhibit F)   In it, Plaintiff can be seen pulling his arms away from

---

[4] In his amended complaint, Plaintiff claims that "the video shows the Plaintiff did not resist arrest but rather allowed himself to be arrested."  (D.E. 31 at 8)  It is undisputed that Plaintiff *later* allowed himself to be placed in hand restraints and arrested, but the resisting arrest charge was not predicated on these acts, but Plaintiff's earlier acts where he refused to comply with Trooper Davis' order and pulled his arms away in an aggressive manner.

Trooper Davis and waiving them in the air while Trooper Davis attempts to secure them. (See Exhibit F at 10:15-10:35)   In light of Plaintiff's own submitted evidence (which he has incorporated into his complaint) it remains entirely unclear exactly what statement in arrest affidavits is false such that it tainted the magistrate's finding of probable cause under *Hand*.

Plaintiff's blanket statement that the affidavits are "full of false statements and lies," is insufficient under *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (May 18, 2009) to establish the necessary elements for a false arrest claim where an independent magistrate has found probable cause.  As such, Plaintiff's false arrest and false imprisonment claims fail as a matter of law.[5]

### III.

### CONCLUSION

Defendant Troopers Davis, Salinas, Pahl and Sorto request that this Court dismiss all claims against them under Federal Rule of Civil Procedure 12(b)(6).  Should the Court decline to grant this motion, Defendants Davis, Salinas, Pahl and Sorto will tender their answers within ten days after notice of the Court's ruling, as provided by Rule 12(a).

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

---

[5] Because the false arrest and false imprisonment claims are legally insufficient, Plaintiff's conspiracy claims also fail as a matter of law.

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division


*/s/ Matthew J. Greer*
**MATTHEW J. GREER**
Assistant Attorney General
Texas Bar No. 24069825
Attorney-in-Charge

Law Enforcement Defense Division
Office of the Attorney General
Post Office Box 12548
Austin, Texas  78711-2548
(512) 463-2080 / fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS DAVIS,
SALINAS, PAHL, AND SORTO**


## NOTICE OF ELECTRONIC FILING

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Western District of Texas, on February 21, 2014.


*/s/ Matthew J. Greer*
**MATTHEW J. GREER**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that a true copy of **Defendant Davis, Salinas, Pahl, And Sorto's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim** has been served electronically via *Western District of Texas Electronic Document Filing System*, to all parties including Plaintiffs' Attorney, Jeffrey S. Kelly at **jkelly@kellylegalgroup.com** on February 21, 2014.


*/s/ Matthew J. Greer*
**MATTHEW J. GREER**
Assistant Attorney General